2002 ND 28

**Kenneth M. HUGHES, Petitioner and Appellant,**

v.

**STATE of North Dakota, Warden Tim Schuetzle, and Elaine Little, Director, Respondents and Appellees.**

Nos. 20010188, 20010189, 20010190.

Supreme Court of North Dakota.

Feb. 20, 2002.

Kenneth M. Hughes (on brief), Fargo, ND, pro se.

H. Jean Delaney, Assistant State's Attorney, Valley City, ND, for respondents and appellees.

MARING, Justice.

[¶ 1] Kenneth Matt Hughes appealed from a judgment dismissing his claims for post-conviction and habeas corpus relief.

We conclude the trial court correctly dismissed Hughes's ineffective assistance of counsel claims because they are conclusory and fail to show how any allegedly deficient performances by his three defense attorneys prejudiced him. We further conclude the trial court correctly dismissed the remainder of Hughes's claims because they are barred by res judicata or misuse of process. We dismiss the appeal insofar as Hughes challenges the denial of habeas corpus relief, and we affirm the remainder of the judgment.

I

[¶ 2] In January 1998, a Barnes County jury found Hughes guilty of felony charges of possession of marijuana with intent to distribute and possession of cocaine with intent to distribute. Hughes also pled guilty to a misdemeanor charge of possession of marijuana in an unrelated matter. In *State v. Hughes*, 1999 ND 24, ¶¶ 7–8, 589 N.W.2d 912, we affirmed Hughes's appeal from the two felony convictions, concluding although there was no probable cause to issue a no-knock search warrant for Hughes's apartment, the evidence obtained from the search was admissible under the good-faith exception to the exclusionary rule. On October 4, 2000, Hughes filed a 100 page application for post-conviction and habeas corpus relief. Hughes claimed ineffective assistance of counsel and numerous trial errors. The State moved for summary disposition. Following oral arguments on the motion, the trial court dismissed Hughes's application on July 18, 2001, and Hughes appealed.

II

[¶ 3] Hughes claims the trial court erred in denying his application for post-conviction and habeas corpus relief. We limit our review to the issues Hughes argues on appeal. The issues raised in the district court but not argued on appeal are deemed abandoned. *See, e.g., Murchison v. State*, 1998 ND 96, ¶¶ 12–13, 578 N.W.2d 514.

[¶ 4] Under N.D.C.C. § 29–32.1–09(1), a trial court may summarily dismiss an application for post-conviction relief if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Clark v. State*, 1999 ND 78, ¶ 5, 593 N.W.2d 329. We review an appeal from a summary denial of post-conviction relief as we review an appeal from summary judgment. *Abdi v. State*, 2000 ND 64, ¶ 8, 608 N.W.2d 292. The party opposing the motion for summary disposition is entitled to all reasonable inferences at the preliminary stages of a post-conviction proceeding and is entitled to an evidentiary hearing if a reasonable inference raises a genuine issue of material fact. *Owens v. State*, 1998 ND 106, ¶ 13, 578 N.W.2d 542.

A

[¶ 5] On a claim of ineffective assistance of counsel, the defendant must prove counsel's performance was deficient and the deficient performance prejudiced the defendant. *Berlin v. State*, 2000 ND 206, ¶ 8, 619 N.W.2d 623. The second prong requires the defendant to prove that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id.*

[¶ 6] Hughes argues his three defense attorneys were ineffective during his pretrial proceedings, the trial stages, and throughout his unsuccessful appeal. Hughes claims none of them interviewed any witnesses to attempt "to prove the truth." Specifically, Hughes argues his first defense attorney was deficient because he told him the searches were valid, even though the defense attorney had not

seen the search warrant or affidavit in support of the warrant. Hughes argues his second defense attorney was deficient because the attorney advised him to plead guilty to the misdemeanor charge and Hughes believed he had standing as an overnight guest to challenge the second search which resulted in the discovery of contraband; the attorney failed to use any of the legal precedents Hughes provided to him, including *Franks v. Delaware*, 438 U.S. 154, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978), during the representation; and the attorney "lied repeatedly," failed to communicate with him, and joined the "cover-up" against him. Hughes argues his third defense attorney was deficient because the attorney failed to request the *Franks* hearing sought by Hughes; informed the jury about information "outside of the trial itself" when he contacted jurors after the verdicts were rendered; and filed an inadequate appellate brief because he did not raise all of the case law Hughes had provided to him.

[¶ 7] Hughes's conclusory claims of deficient performance are not accompanied by any allegations of how the alleged deficient performances by his defense attorneys prejudiced him. Because Hughes did not allege or show how, but for the attorneys' errors, the results of the proceedings would have been different, we conclude the trial court did not err in summarily dismissing his ineffective assistance of counsel claims.

B

[¶ 8] Under N.D.C.C. § 29-32.1–12(1), a court may deny a post-conviction application on the ground of res judicata if the same claims or claim has been fully and finally determined in a previous proceeding. *Heyen v. State*, 2001 ND 126, ¶ 9, 630 N.W.2d 56. Consequently, when claims have been raised previously on direct appeal or in a previous post-conviction application, they cannot be raised again in a subsequent post-conviction application. *Clark*, 1999 ND 78, ¶ 8, 593 N.W.2d 329.

[¶ 9] Hughes argues his Fourth, Sixth and Fourteenth Amendment rights were violated. Specifically, Hughes contends the prosecutor misled the court about the law on no-knock search warrants; the search warrant was improperly issued; the "SWAT-style" entry into his residence to conduct the search was "unlawful and terrifying," causing him "permanent physical injury"; the trial court incorrectly concluded no-knock search warrants were issued per se in all drug cases prior to *State v. Herrick*, 1997 ND 155, 567 N.W.2d 336; and this Court erred in applying the good faith exception to the exclusionary rule and "decimated" his Fourth and Fourteenth Amendment rights in our decision on his direct appeal.

[¶ 10] These claims have been fully and finally determined in Hughes's direct appeal, are res judicata, and cannot be raised again in this proceeding. Consequently, the trial court did not err in summarily dismissing these allegations.

C

[¶ 11] Under N.D.C.C. § 29-32.1–12(2)(a), a court may deny an application on the ground of misuse of process when a defendant inexcusably fails to pursue an issue in a proceeding leading to judgment of conviction, inexcusably fails to pursue an issue on appeal after having raised the issue in the trial court, or fails to raise an issue in an initial post-conviction proceeding. *Syvertson v. State*, 2000 ND 185, ¶ 18, 620 N.W.2d 362.

[¶ 12] Hughes argues the prosecutor committed misconduct in the proceedings by withholding evidence, presenting false documentary and testimonial

evidence, and using improper trial tactics which prejudiced him. Specifically, Hughes claims the search warrant was executed after the search was conducted and was unsigned and different than the warrant submitted in evidence, the affidavit in support of the warrant was false, and, consequently, the police could not rely in objective good faith on the warrant. Hughes also claims a law enforcement officer failed to divulge the name of an informant during a preliminary hearing; the prosecution did not disclose the existence of a transcript or recording of the application for the search warrant; the court improperly took judicial notice of facts in question; the State did not give notice of an expert witness whose testimony "was almost entirely false"; voir dire, jury selection, and the opening and closing jury instructions were "woefully inadequate to ensure fairness"; the prosecutor "repeatedly" expressed her personal opinion about the case during closing arguments; the jury verdicts were "against the bulk of the evidence"; and "transcripts and documents are missing or have been altered or created from thin air."

[¶ 13]   Because Hughes has failed to explain why these issues were not pursued in the trial court proceedings leading to his convictions or on the original appeal to this Court, we conclude the trial court did not err in summarily dismissing these contentions for misuse of process.

### D

[¶ 14]   Hughes argues the trial judge erred in refusing to recuse himself in this case because the judge had a "personal interest in the outcome." Hughes does not explain what "personal interest" the judge allegedly had in this case. Hughes does allege the trial court refused to read a letter Hughes had mailed to him, which indicated to Hughes the judge was also involved in the "cover-up." This allegation is so conclusory and devoid of factual support, we conclude the trial court did not err in summarily dismissing it.

### E

[¶ 15]   Hughes also challenges the denial of his request for habeas corpus relief. No appeal lies from a final order in a habeas corpus proceeding. *Johnson v. Raftevold,* 505 N.W.2d 110 (N.D.1993). Moreover, we need not treat the appeal as a request to exercise our supervisory jurisdiction because Hughes is no longer confined on the convictions. *Id.* at 111; *In Interest of Klein,* 325 N.W.2d 227, 229 (N.D.1982). In any event, the issues raised in connection with Hughes's request for habeas corpus relief do not differ from those raised in connection with his application for post-conviction relief, and we have concluded the trial court's summary disposition of the application was proper. Hughes's appeal from the denial of his request for habeas corpus relief is dismissed.

### III

[¶ 16]   Hughes's appeal from the denial of his request for habeas corpus relief is dismissed and the remainder of the judgment is affirmed.

[¶ 17] GERALD W. VANDEWALLE, C.J., WILLIAM A. NEUMANN, DALE V. SANDSTROM, and CAROL RONNING KAPSNER, JJ., concur.