2003 ND 46

**Mark STEINBACH, Petitioner and Appellant,**

v.

**STATE of North Dakota, Respondent and Appellee.**

No. 20020322.

Supreme Court of North Dakota.

March 26, 2003.

Rehearing Denied April 15, 2003.

Steven M. Light, Larivee & Light, Grand Forks, ND, for petitioner and appellant.

Travis S. Peterson, State's Attorney, New Rockford, ND, for respondent and appellee.

KAPSNER, Justice.

[¶ 1]  Mark Steinbach appealed from a judgment summarily dismissing his application for post-conviction relief.[1] We conclude the trial court did not err in summarily dismissing, under N.D.C.C. § 29–32.1–12, claims 1, 2, 3, 5, 6, 7, and 8 in Steinbach's post-conviction relief application, or in summarily dismissing claim 4 for ineffective assistance of counsel when Steinbach was put to his proof and failed to provide any evidentiary support for his allegations.  We affirm.

I

[¶ 2]  In April 1997, a jury found Steinbach guilty of murder, physical obstruction of a government function, and tampering with physical evidence.  Steinbach was sentenced to life imprisonment, without the opportunity of parole.  In May 1997, Steinbach appealed his conviction, arguing the trial court abused its discretion by allowing the State to introduce certain photographs of the victim; by allowing a coroner to testify as to the cause of the victim's death when the coroner had no knowledge of the length of the shotgun that killed the victim; by denying Steinbach's motion for judgment of acquittal; by denying Steinbach's motion for a new trial based upon newly discovered evidence; and by impermissibly considering acts of domestic violence perpetrated by Steinbach against the victim during sentencing.  In *State v. Steinbach*, 1998 ND 18, 575 N.W.2d 193, we affirmed the judgment on all convictions and the order denying Steinbach's motion for a new trial.

[¶ 3]  In May 1999, Steinbach filed an application for post-conviction relief.  The attorney filing Steinbach's post-conviction relief application was not Steinbach's trial attorney, but represented Steinbach in his direct appeal to this Court.  In September 2001, Steinbach hired a different attorney to represent him.  Steinbach's application for post-conviction relief was dismissed without prejudice[2] in April 2002 because Steinbach failed to comply with the deadline set in the scheduling order for filing his brief.

---

1.  Steinbach's notice of appeal states the appeal is "from the MEMORANDUM OPINION DENYING PETITIONER'S APPLICATION FOR POST CONVICTION RELIEF."  When Steinbach filed his notice of appeal, judgment had not been entered.  We have held "an attempted appeal from an order for judgment or a memorandum decision will be treated as an appeal from a subsequently-entered consistent judgment, if one exists." *Kaiser v. State,* 417 N.W.2d 175, 177 (N.D.1987).  Because a judgment consistent with the trial court's memorandum opinion was subsequently entered, we consider this an appeal from the judgment.  *Thompson v. Associated Potato Growers, Inc.,* 2000 ND 95, ¶ 6 n. 2, 610 N.W.2d 53.

2.  *See* N.D.C.C. § 29–32.1–07(2).

[¶ 4] In June 2002, Steinbach filed another application for post-conviction relief. In his application, Steinbach listed eight separate grounds for relief, including: (1) a reasonable likelihood the jury misunderstood the trial court's jury instructions, particularly the instruction on proof beyond a reasonable doubt; (2) the trial court's jury instruction regarding the presumption a witness told the truth conflicted with Steinbach's presumption of innocence; (3) the trial court failed to instruct the jury on the effect of intoxication and culpability; (4) Steinbach received ineffective assistance of counsel; (5) the trial court abused its discretion during sentencing; (6) prosecutorial misconduct; (7) prevalent abuse of judicial discretion; (8) Steinbach was denied his right to review his presentence investigation report prior to sentencing. The trial court summarily dismissed Steinbach's application for post-conviction relief, finding Steinbach failed to provide evidentiary support for claims 1, 2, 3, 5, 6, 7, and 8; and these claims were issues the applicant inexcusably failed to raise in a proceeding leading to judgment of conviction. The trial court dismissed claim 4, ineffective assistance of counsel, finding Steinbach failed to provide any evidentiary support demonstrating how Steinbach's trial counsel's conduct fell below a standard of objective reasonableness and how Steinbach was prejudiced by his counsel's conduct when Steinbach had the deposition of his trial counsel available to him. Steinbach appeals the trial court's summary denial of his application for post-conviction relief.

## II

■ [¶ 5] Steinbach argues the trial court erred when it determined Steinbach misused process, under N.D.C.C. ch. 29–32.1, by raising issues in his application for post-conviction relief which were not raised during the criminal trial, sentencing, and the subsequent appeal.

[¶ 6] The affirmative defense of misuse of process is set out in N.D.C.C. § 29–32.1–12(2):

2. A court may deny relief on the ground of misuse of process. Process is misused when the applicant:

a. Presents a claim for relief which the applicant inexcusably failed to raise either in a proceeding leading to judgment of conviction and sentence or in a previous postconviction proceeding; or

b. Files multiple applications containing a claim so lacking in factual support or legal basis as to be frivolous.

The State moved to dismiss Steinbach's application for post-conviction relief under N.D.C.C. § 29–32.1–06(2), (3) which provides:

2. The state may move to dismiss an application on the ground that it is evident from the application that the applicant is not entitled to postconviction relief and no purpose would be served by any further proceedings. In considering the motion, the court shall take account of substance regardless of defects of form.

3. The following defenses may be raised by answer or motion:

a. The claim has been fully and finally determined in a previous proceeding in accordance with subsection 1 of section 29–32.1–12; or

b. The application constitutes misuse of process in accordance with subsection 2 of section 29–32.1–12.

[¶ 7] The district court, in summarily dismissing Steinbach's post-conviction application, found that "[n]one of the above issues [in claims 1, 2, 3, 5, 6, 7, and 8] were raised before the trial court, and Steinbach

has shown no excuse for his failure to raise the issues."

[¶ 8] In *Clark v. State*, 1999 ND 78, ¶ 23, 593 N.W.2d 329, we held:

> [M]isuse of process under N.D.C.C. ch. 29–32.1 occurs (1) if the defendant has inexcusably failed to raise an issue in a proceeding leading to judgment of conviction and now seeks review in a first application for post-conviction relief; (2) if the defendant inexcusably fails to pursue an issue on appeal which was raised and litigated in the original trial court proceedings, *see, e.g., State v. Willey* [,] 381 N.W.2d 183 (N.D.1986); and finally, (3) if a defendant inexcusably fails to raise an issue in an initial post-conviction application, *see, e.g., Silvesan v. State*, 1999 ND 62[, 591 N.W.2d 131].

The claims in Steinbach's application for post-conviction relief fall in the category of issues an applicant inexcusably failed to raise in a proceeding leading to judgment of conviction and now seeks review in a first application for post-conviction relief. We agree with the trial court that Steinbach has failed to present any excuse for his failure to raise and pursue claims 1, 2, 3, 5, 6, 7, and 8 in the criminal proceeding and on direct appeal. N.D.C.C. § 29–32.1–12(3). We conclude claims 1, 2, 3, 5, 6, 7, and 8 are barred by misuse of process under N.D.C.C. § 29–32.1–12.

### III

[¶ 9] Steinbach argues the trial court erred in summarily dismissing his claim of ineffective assistance of counsel without an evidentiary hearing. Steinbach contends, because the trial court erroneously treated the State's motion to dismiss as a motion for summary judgment, he was never adequately put "upon his proof" or afforded an opportunity to submit evidence to support the claims asserted in his application for post-conviction relief.

[¶ 10] We have outlined our standard of review for summary denial of a post-conviction application:

> Section 29–32.1–09(1), N.D.C.C., provides that a trial court may summarily dismiss an application for post-conviction relief if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Our review of a summary denial of a post-conviction application is like our review of an appeal from a summary judgment under Rule 56, N.D.R.Civ.P. The party opposing the motion is entitled to all reasonable inferences at the preliminary stages and is entitled to an evidentiary hearing if an inference raises a genuine issue of fact. Once the moving party has established there is no genuine issue of fact, the burden shifts to the nonmoving party to show a genuine issue of fact exists. The party resisting the motion may not merely rely on the pleadings or unsupported conclusory allegations; rather the party must present competent admissible evidence by affidavit or other comparable means.

*Clark*, at ¶ 5 (citing *Owens v. State*, 1998 ND 106, ¶ 13, 578 N.W.2d 542).

[¶ 11] "The explicit purpose of the Uniform Post–Conviction Procedure Act[, N.D.C.C. ch. 29–32.1,] is to provide a method to develop a complete record to challenge a criminal conviction." *Wilson v. State*, 1999 ND 222, ¶ 13, 603 N.W.2d 47 (citing *State v. Bender*, 1998 ND 72, ¶ 20, 576 N.W.2d 210). The Uniform Post–Conviction Procedure Act authorizes summary disposition "only when 'there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law.'" *Id.* (quoting N.D.C.C. § 29–32.1–09(1)). We review a summary denial of a post-conviction application as we review an appeal from summary judg-

ment under Rule 56, N.D.R.Civ.P. *Hughes v. State*, 2002 ND 28, ¶ 4, 639 N.W.2d 696.

■ [¶ 12] Although the party seeking a summary disposition bears the initial burden of showing there is no genuine issue of material ·fact, the United States Supreme Court has explained that "the burden on the moving party may be discharged by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). We addressed this difficulty of proving a negative in *Black v. Abex Corp.*, 1999 ND 236, ¶ 19, 603 N.W.2d 182. In *Black*, we construed the showing required when a defendant moves for summary judgment seeking dismissal of the claims when there is no evidence to support an essential element of the plaintiff's claim:

> If the record, after discovery, contains no evidence to support an essential element of the plaintiff's claim, there is no "evidence" the defendant can point to in support of its assertion there is no such evidence. In such a case the rule allows the defendant to put the plaintiff to its proof, without the necessity of a full trial, by merely "pointing out" to the trial court the absence of evidence to support the plaintiff's case.

*Black*, at ¶ 19 (citing *Celotex*, at 325, 106 S.Ct. 2548; *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 43 F.3d 1311, 1315 (9th Cir.1995); 11 James Wm. Moore et al., *Moore's Federal Practice* ¶ 56.13[1] (3d ed.1999)). This rule serves the policy underpinning Rule 56, N.D.R.Civ.P., "by allowing the defendant to put the plaintiff to its proof when the record contains no evidence on an essential element of the plaintiff's claim." *Black*, at ¶ 20.

[¶ 13] In this case, Steinbach applied for post-conviction relief and included allegations of ineffective assistance of counsel as a ground for relief. Steinbach's post-conviction application asserts his counsel was ineffective in the following regards:

a. Talking to, discussing with, or otherwise interviewing applicant about the charges against applicant and applicant's version of events;

b. Preparing applicant to testify;

c. Talking to, discussing with, or otherwise interviewing defense witnesses;

d. Preparing defense witnesses to testify;

e. Preparing for jury trial, including voir dire, opening statement, witness questioning, closing argument, jury instructions, and generally presenting applicant's version of events and defense;

f. Relying only on the prosecution's case and witnesses, and simply attempting to defend against that, without presenting a defense case;

g. Deposing State's witnesses and thereby preparing for trial;

h. Providing to applicant copies of discovery provided by the State, including statements made by State's witnesses, and thereby not properly preparing applicant's case for trial;

i. Waiving a record for voir dire (Tr. Jury Trial 2; 52, lines 7–8);

j. Protecting applicant's right with respect to a change of venue;

k. Failing to give an opening statement at the beginning of trial (Tr. Jury Trial 65);

l. Failing to give an effective opening statement (Tr. Jury Trial 335–341);

m. Failing to properly advise applicant on, or to request, lesser included offenses, including the lesser included offenses of class A felony murder, manslaughter and negligent homicide (Tr. Jury Trial 3, 46, 489–490);

n. Not otherwise consulting with applicant on, or preparing, applicant's defenses;

o. Failing to raise in the trial court or in the direct appeal all the grounds for relief in this application;

p. Defense counsel failed to provide effective assistance of counsel by failing to realize N.D.C.C. 12.1–08–01 is inapplicable to the facts of the present case as a matter of law;

q. Defense counsel failed to provide effective assistance of counsel of both trial and appeals by not demanding that the prosecution prove each element of N.D.C.C. 12.1–16–01 seperatly [sic] and beyond a reasonable doubt;

r. Defense counsel failed to provide effective assistance of counsel by not objecting to the use of piling inference upon inference from circumstantial and direct evidence, by the prosecutor, and the jury, to obtain a conviction under N.D.C.C. 12.1–16–01.

[¶ 14] The State moved to dismiss the post-conviction application, contending the claim of ineffective assistance of counsel "fail[s] on the merits due to the failure of Steinbach to show how his counsel's conduct fell below a standard of objective reasonableness and to demonstrate that he was prejudiced by his counsel's conduct." Although Steinbach contends "the wording of the [State's] motion did not adequately put [Steinbach] on notice that the State was seeking summary judgment of the application for relief," Steinbach responded to the State's motion to dismiss, stating: "[c]ounsel's representation of the applicant was unreasonable under professional prevailing norms and the outcome would have been different if the representation had been performed without counsel's unprofessional errors.... Counsel's assistance was 'grossly incompetent' and applicant should be allowed an evidentiary hearing."

The trial court, in its memorandum opinion, stated "when a motion for summary disposition has been made (as in the instant case), the applicant (Mr. Steinbach) is put to the proof of providing sufficient evidentiary support for the allegations of the petition.... Mr. Steinbach responded to the State's motion for summary disposition but did not provide any supplemental documents which have provided any further evidentiary support for his allegation of ineffective assistance of counsel." The trial court concluded summary disposition of Steinbach's ineffective assistance of counsel claim was appropriate.

[¶ 15] On a claim of ineffective assistance of counsel, the defendant has the ultimate burden of proving counsel's performance was deficient and the deficient performance prejudiced the defendant. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *Hughes*, at ¶ 5. "The second prong requires the defendant to prove that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Hughes*, at ¶ 5. Although we have stated claims of ineffective assistance of counsel are ordinarily unsuited to summary disposition without an evidentiary hearing, we have upheld summary denials of post-conviction relief when the applicants were put to their proof, and summary disposition occurred after the applicants then failed to provide some evidentiary support for their allegations. *See Bell v. State*, 1998 ND 35, ¶¶ 36–37, 575 N.W.2d 211; *Hopfauf v. State*, 1998 ND 30, ¶ 8, 575 N.W.2d 646, overruled on other grounds, *Whiteman v. State*, 2002 ND 77, 643 N.W.2d 704.

[¶ 16] Steinbach relies on this Court's decision in *Whiteman* to support his request for an evidentiary hearing. 2002 ND 77, 643 N.W.2d 704. *Whiteman* dealt with the United States Supreme Court

decision in *Roe v. Flores–Ortega*, 528 U.S. 470, 120 S.Ct. 1029, 145 L.Ed.2d 985 (2000), and the narrow issue of an ineffective-assistance-of-counsel claim based on counsel's failure to file a direct appeal in a criminal case despite instructions to counsel from the client to appeal. In *Whiteman*, we addressed Whiteman's request for an evidentiary hearing based on his post-conviction relief claim of ineffective assistance of counsel; Whiteman claimed his attorney was ineffective for failing to follow Whiteman's instructions to appeal his criminal conviction. *Id.* at ¶ 3. The trial court granted the State's motion for summary disposition, finding Whiteman had failed to present sufficient evidence showing a genuine issue of material fact concerning his ineffective assistance of counsel claim. We reversed, concluding Whiteman was entitled to an evidentiary hearing on his ineffective assistance of counsel claim because Whiteman's affidavit and other material submitted to the trial court created a genuine issue of material fact while the State pointed to nothing in the record that conclusively contradicted Whiteman's allegations. *Id.* at ¶ 22. In addition, under *Flores–Ortega*, prejudice under the second *Strickland* prong could be presumed from the absence of an appeal. Steinbach's reliance on *Whiteman* is misplaced because Steinbach neither claims ineffective assistance of counsel for failing to file a direct appeal nor did Steinbach present any evidence to the trial court to show there is a genuine issue of material fact warranting an evidentiary hearing.

■ [¶ 17] Once the State moves for summary disposition pointing out the absence of supporting evidence, the defendant is put on notice of the issue and a minimal burden shifts to the defendant to provide some competent evidence to support his claim. If competent evidence is provided, the defendant is entitled to an evidentiary hearing. From our review of the record in this case, Steinbach did not provide any evidence to support his allegations of ineffective assistance of counsel after the State moved to dismiss under N.D.C.C. §§ 29–32.1–06 and 29–32.1–12. There was a transcript of the original trial and a deposition of the trial attorney; neither was referred to nor was an affidavit of the defendant submitted in support of his claim. Steinbach cited pages from the jury trial transcript after four of the allegations listed under his claim of ineffective assistance of counsel; however, we have examined those pages and they merely point out when the issue occurred at trial. Steinbach's references to the jury trial transcript are insufficient because he has failed to point out how counsel was ineffective and it is not obvious from the record that the representation was inadequate. *See State v. Norman*, 507 N.W.2d 522, 525 (N.D.1993).

■ [¶ 18] Although Steinbach argues he was never put to his proof or given an opportunity to present evidence, the burden of showing some competent evidence existed to support his claim shifted to Steinbach when the State pointed out to the trial court the absence of evidentiary support for the essential elements of Steinbach's ineffective assistance of counsel claim. The State's motion to dismiss and supporting brief, asserting Steinbach's claim of ineffective assistance of counsel fails on the merits, was adequate to put Steinbach on notice he needed to show evidence existed to support his allegations. Once the burden was shifted to Steinbach, he cannot merely rely on the pleadings or unsupported conclusory allegations, but must present some competent admissible evidence by affidavit or other comparable means. *Clark v. State*, 1999 ND 78, ¶ 5, 593 N.W.2d 329. Steinbach's response to

the State's motion to dismiss asserts, without providing any evidence, "[c]ounsel's assistance was 'grossly incompetent' and applicant should be allowed an evidentiary hearing." Steinbach failed to provide any evidence showing how counsel's performance was ineffective after he was put to his proof and given an opportunity to provide some evidence. The trial court did not err in summarily dismissing Steinbach's ineffective assistance of counsel claim.

### IV

[¶ 19] We conclude Steinbach failed to show any excuse for failing to raise at the criminal trial and on direct appeal claims 1, 2, 3, 5, 6, 7, and 8 of his post-conviction relief application; therefore, these claims are barred by misuse of process under N.D.C.C. § 29–32.1–12. We also conclude the trial court did not err in summarily dismissing claim 4, ineffective assistance of counsel, when Steinbach was put to his proof and then failed to satisfy his burden to present some competent admissible evidence to support his allegations. We affirm the judgment of the trial court summarily dismissing Steinbach's post-conviction relief application.

[¶ 20] GERALD W. VANDE WALLE, C.J., and DALE V. SANDSTROM, J., concur.

NEUMANN, Justice, concurring.

[¶ 21] I concur in the majority's opinion in this case. I write separately regarding part III of that opinion because I fear it may be read too broadly by some prosecutors and courts.

[¶ 22] As I read it, part III of this opinion permits the State to use an unsupported motion for summary disposition to shift the pre-hearing evidentiary burden to the post-conviction applicant *only* in those cases in which the State would otherwise be required to prove the absence of any evidence supporting the applicant's claims and allegations. This does not mean that in every post-conviction case the State can require the applicant to prove up his case prior to any hearing merely by moving for summary disposition and asserting there is no evidence to support the applicant's claims. It applies only in those cases in which the State would be required to prove a negative—the absence of any supporting evidence in the record—in order to meet its initial burden as movant of showing there are no contested issues of fact. In all other cases, that initial burden must still be met by the movant before the burden can be shifted to the applicant to produce evidence prior to hearing to support his claims. With that understanding of part III, I concur in the majority opinion.

[¶ 23] MARY MUEHLEN MARING, J., concur.