2003 ND 71

Jesse James **VANDEBERG**, Petitioner and Appellant,

v.

**STATE of North Dakota**, Respondent and Appellee.

Nos. 20020320, 20020321.

Supreme Court of North Dakota.

May 6, 2003.

Jesse James Vandeberg, pro se, Jesup, GA, petitioner and appellant; submitted on brief.

Brett M. Shasky, Assistant State's Attorney, Fargo, N.D., for respondent and appellee.

NEUMANN, Justice.

[¶ 1] Jesse James Vandeberg appeals from the summary dismissal of an application for post-conviction relief. We reverse and remand.

[¶ 2] In 1986, Vandeberg entered guilty pleas to charges of felony robbery and felony theft. On those pleas, Vandeberg was sentenced to prison terms of three and four years respectively. On July 26, 2002, Vandeberg filed a petition for post-conviction relief alleging he did not knowingly and voluntarily enter his guilty pleas, his court-appointed attorney failed to follow through with an appeal on the robbery charge, and his guilty pleas were entered although he was innocent of the charges. On September 10, 2002, the State responded and moved for summary disposition. On October 17, 2002, the trial court denied the petition and granted summary disposition because the State's response and motion for summary disposition put Vandeberg "to his proof" and he subsequently failed to provide the required evidence in support of his allegations. Vandeberg appeals.

[¶ 3] Vandeberg argues he did not knowingly and voluntarily enter guilty pleas on the felony robbery and theft charges, and argues both of his court-appointed attorneys provided ineffective assistance of counsel. We do not reach these issues and decline to discuss them. The dispositive issue is whether the State's response to Vandeberg's application for post-conviction relief was sufficient to put Vandeberg on his proof. *See Steinbach v. State*, 2003 ND 46, ¶ 9, 658 N.W.2d 355, and *Weaver v. State*, 2003 ND 47, ¶ 3, 658 N.W.2d 352.

[¶ 4] As we recently stated in *Weaver*, at ¶ 4,

While our case law requires a petitioner to establish a basis for post-conviction relief, a petitioner need not provide evidence or proof with an application. N.D.C.C. § 29–32.1–04. A petitioner meeting the required conditions and applying for post-conviction relief must "set forth a concise statement of each ground for relief, and specify the relief requested. Argument, citations, and discussion of authorities are unnecessary." N.D.C.C. § 29–32.1–04(1). "Affidavits or other material supporting the application may be attached, but are unnecessary." N.D.C.C. § 29–32.1–04(2). The State may respond by answer or motion to the petitioner's application, if at all, within thirty days. N.D.C.C. § 29–32.1–06(1). The State may move to dismiss the application if "it is evident from the application that the applicant is not entitled to postconviction relief and

no purpose would be served by any further proceedings." N.D.C.C. § 29–32.1–06(2). The trial court "shall take account of substance regardless of defects of form." *Id.*

[¶ 5] "The procedure followed for a motion for the summary disposition of a petition for post-conviction relief is similar to that followed for a motion for summary judgment." *Weaver*, 2003 ND 47, ¶ 5, 658 N.W.2d 352. Proceedings for post-conviction relief are civil in nature and all rules and statutes applicable in civil proceedings are available to the parties. *Id.* Our review of a summary denial of post-conviction relief is like the review of an appeal from a summary judgment. *Id.* A trial court may summarily dismiss an application for post-conviction relief if there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. *Id.* The initial burden is on the moving party to show there is no genuine issue of material fact. *Id.* If the movant initially shows there is no genuine issue of material fact, the burden shifts to the non-movant to demonstrate there is a genuine issue of material fact. *Id.* For the summary disposition of a petition for post-conviction relief, the moving party bears the burden of showing there is no dispute as to either the material facts or the inferences to be drawn from undisputed facts, and that the movant is entitled to judgment as a matter of law. *Id.*; N.D.C.C. § 29–32.1–09(1). A genuine issue of material fact exists if reasonable minds could draw different inferences and reach different conclusions from the undisputed facts. *See Belgarde v. Rosenau*, 388 N.W.2d 129, 130 (N.D.1986).

[¶ 6] A movant may discharge his burden of showing there is no genuine issue of material fact by pointing out to the trial court there is an absence of evidence to support a petitioner's case. *Steinbach*, 2003 ND 46, ¶ 12, 658 N.W.2d 355. Once the movant shows the trial court there is no record evidence to support the petitioner's claim and, therefore, there is nothing the State can point to in support of its assertion no such evidence exists, "the movant has put the petitioner on his proof and a minimal burden has shifted to the petitioner to provide some competent evidence to support his claim." *Weaver*, 2003 ND 47, at ¶ 6, 658 N.W.2d 352. The State is permitted to shift the burden in this manner only in those cases in which it would otherwise be required to prove the complete absence of any evidence supporting the nonmovant's claims and allegations in order to meet its initial burden of showing there are no contested issues of material fact. *Id.* Otherwise, the moving party's initial burden must still be met before the burden can be shifted to the nonmovant to produce evidence prior to the hearing to support his claim. *Id.* The party opposing the motion is entitled to all reasonable inferences at the preliminary stages of a post-conviction relief proceeding, and is entitled to an evidentiary hearing if a reasonable inference raises a genuine issue of material fact. *Id.*

[¶ 7] Here, in its response and motion for summary disposition, the State failed to meet its initial burden of showing the absence of a genuine issue of material fact. In its motion for summary disposition, the State did not argue, as it did in *Weaver*, that nothing in the underlying criminal case supported Vandeberg's claims, nor did the State point out to the trial court how the record contradicted Vandeberg's allegations. Instead, the State merely asserted Vandeberg offered no evidence to support his allegations. As stated in *Steinbach*, 2003 ND 46, at ¶ 22, 658 N.W.2d 355 (Neumann, J., concurring), the State cannot require the petitioner, in every post-conviction relief case, to prove

up his case prior to any hearing merely by moving for summary disposition and asserting the petitioner has offered no evidence to support his claims. This case is one of those in which the State is required to make at least a cursory review of the record and point out to the trial court how the petitioner's allegations are unsupported by the record and therefore fail to establish a genuine issue of material fact. Because judges are not ferrets, obligated to engage in unassisted searches of the record for evidence to support a petitioner's position, the State's motion was insufficient to put Vandeberg on his proof. *See State v. Goulet*, 1999 ND 80, ¶ 10, 593 N.W.2d 345. The trial court then erred in requiring nothing more of the State. In its memorandum opinion, the trial court stated "The State's Response moved the Court for summary disposition and thereby put Petitioner on notice that he was being put to his proof." The trial court misapplied our case law. As set out above, the State must not merely "respond" to put a petitioner on its proof; it must show the trial court it is entitled to judgment as a matter of law in its motion for summary disposition. *See Owens v. State*, 1998 ND 106, ¶ 13, 578 N.W.2d 542 (stating a trial court may summarily dismiss an application for post-conviction relief if the moving party is entitled to judgment as a matter of law). In other words, the State in its motion for summary disposition, must show that based on reasonable inferences drawn from the undisputed facts, reasonable minds could reach but one conclusion as to the allegations. Because the State failed to show the trial court how Vandeberg's allegations failed to establish a genuine issue of material fact, we conclude the trial court erred in granting the motion for summary disposition.

[¶ 8] The trial court's summary disposition of Jesse James Vandeberg's petition for post-conviction relief is reversed and remanded.

[¶ 9] MARY MUEHLEN MARING and CAROL RONNING KAPSNER, JJ., concur.

VANDE WALLE, Chief Justice, concurring specially.

[¶ 10] I believe the majority opinion comes close to what we said in *Steinbach v. State*, 2003 ND 46, 658 N.W.2d 355, we would not do, i.e., require the State to prove the negative. However, I agree with the majority there is a difference in the State moving for summary disposition on the basis the petitioner has shown no evidence to support his claims and the State moving for summary disposition on the basis there is nothing in the record to support the petitioner's claims. The prior allegation would require the petitioner to, without more, present evidence, contrary to N.D.C.C. § 29–32.1–04, while the latter requires the State to have examined the record and to allege there is no evidence to support the petitioner's claim. Although the difference may, in the face of frivolous allegations appear technical or even nonsensical, the difference is substantial in the case where there are legitimate disputes. Furthermore, we ordinarily are unable to initially separate the frivolous and legitimate claims on their face without an examination of the record. If the State is to request summary disposition, I agree it should be required to allege there is no evidence to support petitioner's allegations in order to satisfy N.D.C.C. § 29–32.1–04 and thereby put petitioner to his proof.

[¶ 11] DALE V. SANDSTROM, J., concurs.