McEvers, Justice.
 

 [¶ 1] Roger Davies appeals from an order granting summary disposition and the district court judgment dismissing his application for post-conviction relief. We affirm in part, reverse in part, and remand for further proceedings consistent with this opinion.
 

 I
 

 [¶ 2] In 2014, Roger Davies was charged with continuous sexual abuse of a child. In November 2014, Davies pleaded guilty. During the change of plea, the district court advised Davies that as a part of the
 
 *12
 
 binding plea agreement, the court would not sentence him to more than 15 years imprisonment. After a presentence investigation, Davies was sentenced to a term of 15 years imprisonment and supervised probation for life.
 

 [¶ 3] In November 2015, Davies petitioned the district court requesting his conviction be set aside. The petition was treated as an application for post-conviction relief, denied by the district court in December 2015, and affirmed on appeal.
 
 Davies v. State
 
 ,
 
 2016 ND 178
 
 ,
 
 885 N.W.2d 579
 
 .
 

 [¶ 4] In March 2017, Davies filed a pro se application for post-conviction relief and a written request for a hearing. Davies' application included several exhibits, including a page from his risk assessment, two pages from the sentencing transcript, two pages from his presentence investigation, a victim impact statement, two pages of the transcript from the change of plea hearing, and a copy of the information charging him. Davies requested and received a court-appointed attorney to represent him. Davies' application alleged multiple legal errors leading to his conviction. Davies also alleged he received ineffective assistance of counsel on multiple grounds. Davies' application also claimed judicial bias, deficiencies with the charging document, an unduly harsh sentence, and prosecutorial misconduct. Davies' application included a verification stating he signed it as both the affiant and petitioner, and his signature was notarized.
 

 [¶ 5] The State answered, moved for summary disposition, and filed a brief pointing to citations in the record, arguing Davies' application did not raise a genuine issue of material fact. Davies requested a hearing on the application for post-conviction relief through his attorney, and personally responded to the State's motion for summary disposition. In an affidavit dated September 30, 2017, Davies complained that communications had broken down with his attorney. On October 7, 2017, Davies' attorney filed an affidavit resisting summary disposition and requesting an evidentiary hearing.
 

 [¶ 6] On October 10, 2017, Davies filed a supplemental affidavit alleging facts regarding the sufficiency of the change of plea procedure. On October 23, 2017, Davies filed a second supplemental affidavit alleging facts regarding his attorney's failure to argue mitigating factors at the sentencing hearing. In November 2017, Davies' attorney moved to withdraw and the district court granted the motion.
 

 [¶ 7] In December 2017, the district court held a hearing on the State's motion for summary disposition. At the hearing, Davies elected to represent himself. The court inquired of Davies whether he filed an affidavit in response to the State's motion for summary disposition. Davies responded that he did not file an affidavit. The State's attorney also commented that he did not believe an affidavit was filed. The court noted the affidavit Davies' attorney filed on October 7, 2017, but did not give the attorney's affidavit any evidentiary weight based on lack of personal knowledge. The court proceeded with arguments on the State's summary disposition motion. No additional evidence was presented. The court stated on the record there was no evidence presented in affidavit form by Davies. The court granted the State's motion and summarily dismissed the application for post-conviction relief.
 

 [¶ 8] In January 2018, the district court issued an order granting summary disposition along with a judgment dismissing Davies' application. Davies appeals the order and judgment.
 

 II
 

 [¶ 9] Post-conviction relief proceedings are civil in nature and are governed
 
 *13
 
 by the North Dakota Rules of Civil Procedure.
 
 Burke v. State
 
 ,
 
 2012 ND 169
 
 , ¶ 10,
 
 820 N.W.2d 349
 
 . This Court has held "the purpose of the Uniform Postconviction Procedure Act, N.D.C.C. ch. 29-32.1, is to 'furnish a method to develop a complete record to challenge a criminal conviction.' "
 
 Chisholm v. State
 
 ,
 
 2014 ND 125
 
 , ¶ 15,
 
 848 N.W.2d 703
 
 (citations omitted). Summary disposition in a post-conviction relief proceeding is akin to summary judgment under N.D.R.Civ.P. 56.
 
 State v. Bender
 
 ,
 
 1998 ND 72
 
 , ¶ 18,
 
 576 N.W.2d 210
 
 . "An applicant has the burden of establishing grounds for post-conviction relief."
 
 Chisholm
 
 , at ¶ 8. "The party opposing the motion for summary disposition is entitled to all reasonable inferences at the preliminary stages of a post-conviction proceeding, and is entitled to an evidentiary hearing if a reasonable inference raises a genuine issue of material fact."
 
 Owens v. State
 
 ,
 
 1998 ND 106
 
 , ¶ 13,
 
 578 N.W.2d 542
 
 (citations omitted). "An applicant for post-conviction relief must "set forth a concise statement of each ground for relief, and specify the relief requested." N.D.C.C. § 29-32.1-04(1). Affidavits or other material supporting the application may be attached, but are unnecessary." N.D.C.C. § 29-32.1-04(2). Section 29-32.1-09(3), N.D.C.C., governs summary disposition in post-conviction relief proceedings, and provides:
 

 The court may grant a motion by either party for summary disposition if the application, pleadings, any previous proceeding, discovery, or other matters of record show that there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law.
 

 [¶ 10] If the State carries its burden of showing no genuine issue of material fact exists, the district court may summarily dismiss the application for post-conviction relief. "A genuine issue of material fact exists if reasonable minds could draw different inferences and reach different conclusions from the undisputed facts."
 
 Howard v. State
 
 ,
 
 2015 ND 102
 
 , ¶ 10,
 
 863 N.W.2d 203
 
 (citations omitted). "A motion for summary disposition puts the burden on the defendant to provide competent evidence to support his claim, and the defendant is only entitled to an evidentiary hearing if that burden is met."
 
 Atkins v. State
 
 ,
 
 2017 ND 290
 
 , ¶ 8,
 
 904 N.W.2d 738
 
 (citing
 
 Steinbach v. State
 
 ,
 
 2003 ND 46
 
 , ¶ 17,
 
 658 N.W.2d 355
 
 ).
 

 III
 

 [¶ 11] Davies argues the district court erred by making a "factual finding" that he did not file an affidavit in response to the State's motion for summary disposition. Davies argues the record contains affidavits made in response to the State's motion, and his verified application also should have been considered evidence to resist summary disposition.
 

 [¶ 12] We agree with Davies the district court erred by stating that Davies did not file affidavits after the State's motion for summary disposition; however, both the State and Davies contributed to the court's erroneous statement.
 

 [¶ 13] When asked by the district court whether he filed any affidavits, Davies not only failed to draw the court's attention to the responsive affidavits he had filed, but he affirmatively told the court no affidavits were filed. The State contributed to the confusion by stating an incorrect belief that no affidavit was filed. Although the court was incorrect in stating that Davies had not filed responsive affidavits, the record reflects the court considered his first supplemental affidavit. The court's failure to consider Davies' second supplemental affidavit makes no difference here, because
 
 *14
 
 it largely reiterates the arguments made in his verified application.
 

 [¶ 14] In regard to the verified application, we agree with Davies that a verified application for post-conviction relief may be treated as an affidavit to provide evidence to resist summary disposition.
 
 See
 

 Howard
 
 ,
 
 2015 ND 102
 
 , ¶¶ 13-14,
 
 863 N.W.2d 203
 
 (discussing use of verified application as evidence opposing summary disposition). A verified application must present competent admissible evidence and may not rely on the pleadings or unsupported conclusory allegations to raise a genuine issue of material fact.
 
 Id.
 
 at ¶ 10 (relying on
 
 Ude v. State
 
 ,
 
 2009 ND 71
 
 , ¶ 8,
 
 764 N.W.2d 419
 
 ). While many of Davies' statements in the application were conclusory, Davies' application included some admissible evidence in the form of his own statements based on personal knowledge and specific references to the record. Therefore, the district court erred by not considering Davies' verified application as evidence. However, we will not set aside a correct result merely because the court's reasoning is incorrect, if the result would be the same under the correct law and reasoning.
 
 Lindsey v. State
 
 ,
 
 2014 ND 174
 
 , ¶ 15,
 
 852 N.W.2d 383
 
 (citations omitted). Therefore, to avoid summary disposition, Davies' verified application, supporting documents, and first supplemental affidavit must withstand the State's arguments and evidence in favor of summary disposition and show the existence of a genuine issue of material fact.
 

 IV
 

 [¶ 15] The issue remains whether the State was effective in showing there was no genuine issue of material fact raised in the claims Davies made in his verified application and supplemental affidavit. In
 
 Vandeberg v. State
 
 ,
 
 2003 ND 71
 
 , ¶ 5,
 
 660 N.W.2d 568
 
 , we stated the initial burden is on the moving party to show there is no genuine issue of material fact. In
 
 Vandeberg
 
 , at ¶ 7, this Court reversed and remanded because the State moved for summary disposition without offering any evidence from the record to show it was entitled to summary disposition. We stated "the State must not merely 'respond' to put a petitioner on its proof; it must show the trial court it is entitled to judgment as a matter of law."
 

 Id.
 

 (citation omitted).
 

 A
 

 [¶ 16] Davies argued the charging document was defective because it did not include a specific date or the name of the victim. Davies' verified application included a copy of the information charging him as an exhibit. The State responded that the information was sufficient because it alleges a range of dates within which the crime occurred, listing "Jane Doe" as a victim in the attached affidavit of probable cause, and Davies knew the victim.
 

 [¶ 17] A precise date or time period is not required in a criminal prosecution unless time is an essential element of an offense.
 
 See
 

 State v. Romanick
 
 ,
 
 2017 ND 42
 
 , ¶ 14,
 
 890 N.W.2d 803
 
 ;
 
 City of W. Fargo v. Hawkins
 
 ,
 
 2000 ND 168
 
 , ¶¶ 7-12,
 
 616 N.W.2d 856
 
 . Davies was charged with AA felony continuous sexual abuse of a child under N.D.C.C. § 12.1-20-03.1, which reads, in relevant part:
 

 1. An individual in adult court is guilty of an offense if the individual engages in any combination of three or more sexual acts or sexual contacts with a minor under the age of fifteen years
 
 during a period of three or more months
 
 . The offense is a class AA felony if the actor was at least twenty-two years of age at the time of the offense....
 

 *15
 
 2. If more than three sexual acts or contacts are alleged, a jury must unanimously agree that any combination of three or more acts or contacts occurred. The jury does not need to unanimously agree which three acts or contacts occurred.
 

 (Emphasis added.)
 

 [¶ 18] The occurrence of three or more sexual acts or contacts with a minor under age fifteen during a period of three or more months are elements of the offense. For the charge to be a class AA felony, the actor must be at least twenty-two years old at the time of the offense. Section 12.1-20-03.1, N.D.C.C., does not contain any other time requirement. The information alleged that on or between summer of 2004 and December 2006, Davies willfully engaged in any combination of three or more sexual acts with a minor child under the age of fifteen during a period of three or more months and he was at least twenty-two years old at the time of the offense.
 

 [¶ 19] In
 
 State v. Vance
 
 ,
 
 537 N.W.2d 545
 
 , 549 (N.D. 1995) (quoting
 
 State v. Hatch
 
 ,
 
 346 N.W.2d 268
 
 , 276 (N.D. 1984) ), we addressed whether time was an element of gross sexual imposition under similar facts, stating:
 

 [U]nless time is an essential element of an offense, it is not required in a criminal prosecution that the crime be proved to have been committed on the precise date or time period alleged in the complaint or information. It is sufficient that the State prove the commission of the crime charged at any time prior to the filing of the complaint and within the period fixed by the applicable limitations statute.
 

 [¶ 20] Time is not an element of the offense of gross sexual imposition.
 
 See
 
 N.D.C.C. § 12.1-20-03(2)(a) ;
 
 see also
 

 People v. Jones
 
 ,
 
 51 Cal.3d 294
 
 ,
 
 270 Cal.Rptr. 611
 
 ,
 
 792 P.2d 643
 
 , 655-56 (1990) (stating particular details, such as the precise date, time, place or circumstance, are not elements of a child molestation offense and are unnecessary to sustain a conviction). Likewise, other than the occurrence of three or more sexual acts or sexual contacts during a period of three months or more while the victim is under fifteen years old and the perpetrator is at least twenty-two years old, time is not an element of continuous sexual abuse of a child.
 
 See
 

 State v. Martin
 
 ,
 
 2001 ND 189
 
 , ¶ 6,
 
 636 N.W.2d 447
 
 . Davies' argument that the information was defective because it did not state a specific date fails as a matter of law.
 

 [¶ 21] Davies also argues the charging document was defective because it did not name a victim. The requirements of a criminal information are set forth in N.D.R.Crim.P. 7(c)(1), which provides:
 

 The indictment or the information must name or otherwise identify the defendant, and must be a plain, concise, and definite written statement of the essential facts constituting the elements of the offense charged. It must be signed by the prosecuting attorney.... [A]ll prosecutions must be carried on in the name and by the authority of the State of North Dakota and must conclude "against the peace and dignity of the State of North Dakota." Except as required by this rule, the indictment or information need not contain a formal commencement, a formal conclusion, or any other matter not necessary to the statement.... A count may allege that the means by which the defendant committed the offense are unknown or that the defendant committed it by one or more specific means. For each count, the indictment or information must give the official or customary citation of the statute, rule, regulation, or other provision
 
 *16
 
 of law which the defendant is alleged to have violated.
 

 We have stated:
 

 It is not necessary to state in an information the details of the acts which constitute the crime charged when the essential elements of the crime are set forth sufficiently to enable a person of common understanding to know what is meant or intended. One test of the sufficiency of an information is whether it will protect the accused against a subsequent prosecution for the same offense.
 

 State v. Tjaden
 
 ,
 
 69 N.W.2d 272
 
 , 276 (N.D. 1955) (citation omitted). The record reflects that Davies knew the victim. We agree with the district court that Davies failed to produce sufficient evidence to establish a genuine issue of material fact in regard to sufficiency of the information.
 

 B
 

 [¶ 22] Davies argued the district court erred by not hearing a factual basis for his plea and by not requiring him to agree with the factual basis. Davies provided references to the change of plea transcript to support his claim. The State argued the affidavit filed with the complaint is sufficient to provide a factual basis.
 

 [¶ 23] On appeal, Davies concedes the district court could conclude that a factual basis existed from the affidavit and information in the record. Davies argues the court did not substantially comply with the mandates of N.D.R.Crim.P. 11(b) at the change of plea hearing because he did not agree to the factual basis presented.
 

 [¶ 24] We have stated the provisions of N.D.R.Crim.P. 11 are mandatory and substantial compliance is required to ensure a defendant knowingly and voluntarily enters a guilty plea.
 
 State v. Yost
 
 ,
 
 2018 ND 157
 
 , ¶ 17,
 
 914 N.W.2d 508
 
 (citing
 
 State v. Murphy
 
 ,
 
 2014 ND 202
 
 , ¶ 7,
 
 855 N.W.2d 647
 
 ). "The purpose of the procedure outlined in Rule 11(b) is to ensure that the defendant is fully aware of the consequences of a guilty plea before he enters his plea."
 
 Yost
 
 , at ¶ 17 (quoting
 
 Froistad v. State,
 

 2002 ND 52
 
 , ¶ 25,
 
 641 N.W.2d 86
 
 ) (internal citations omitted). Rule 11(b), N.D.R.Crim.P., provides, in pertinent part:
 

 (3)
 
 Determining the Factual Basis for a Plea.
 
 Before entering judgment on a guilty plea, the court must determine that there is a factual basis for the plea.
 

 (4)
 
 Acknowledgment by Defendant.
 
 Before entering judgment on a guilty plea, the court must determine that the defendant either:
 

 (A) acknowledges facts exist that support the guilty plea; or
 

 (B) while maintaining innocence, acknowledges that the guilty plea is knowingly, voluntarily and intelligently made by the defendant and that evidence exists from which the trier of fact could reasonably conclude that the defendant committed the crime.
 

 [¶ 25] During the change of plea hearing the district court stated, "I know that there's an affidavit in the file, and the criminal information. Is there anything that anybody wants to put on the record for a factual basis, other than what's in the file?" Both attorneys stated they did not have anything to add. The transcript is silent on whether Davies agreed with the factual basis.
 

 [¶ 26] At the summary disposition hearing, the district court did not address whether Davies had to agree with the factual basis in order to substantially comply with N.D.R.Crim.P. 11(b)(4). This Court has not yet addressed whether a defendant's silence to a factual basis following a guilty plea equates to substantial compliance.
 
 See
 

 Yost
 
 ,
 
 2018 ND 157
 
 , ¶ 22,
 
 914 N.W.2d 508
 
 (declining to decide whether
 
 *17
 
 N.D.R.Crim.P. 11(b)(4) applied to an
 
 Alford
 
 plea entered prior to the effective date of the rule).
 

 [¶ 27] After reviewing the record, Davies' argument raises a genuine issue of material fact as to whether his guilty plea was properly obtained. We reverse and remand for an evidentiary hearing.
 

 C
 

 [¶ 28] Davies argues the district court erred in granting summary disposition on his claim he received ineffective assistance of counsel. Although Davies' application did not include a specific prayer for relief, he argues that, but for the ineffective assistance of counsel provided at the time of his guilty plea, he would not have pleaded guilty. Therefore, we treat his application, at least in part, as a request to withdraw his guilty plea.
 

 This Court has stated claims of ineffective assistance of counsel are ordinarily unsuited to summary disposition without an evidentiary hearing. However, this Court has "upheld summary denials of post-conviction relief when the applicants were put to their proof, and summary disposition occurred after the applicants then failed to provide some evidentiary support for their allegations." "Once the State moves for summary disposition pointing out the absence of supporting evidence, the defendant is put on notice of the issue and a minimal burden shifts to the defendant to provide some competent evidence to support his claim." "If competent evidence is provided, the defendant is entitled to an evidentiary hearing."
 

 Horvath v. State
 
 ,
 
 2018 ND 24
 
 , ¶ 8,
 
 905 N.W.2d 734
 
 (quoting
 
 Atkins
 
 ,
 
 2017 ND 290
 
 , ¶ 6,
 
 904 N.W.2d 738
 
 ).
 

 The framework for evaluating ineffective assistance of counsel claims under the Sixth Amendment of the United States Constitution and N.D. Const. art. I, § 12, is well-established:
 

 In order to prevail on a post-conviction relief application based on ineffective assistance of counsel, the petitioner must (1) "show that counsel's representation fell below an objective standard of reasonableness" and (2) "show there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."
 

 Surmounting
 
 Strickland's
 
 high bar is never an easy task. An ineffective-assistance claim can function as a way to escape rules of waiver and forfeiture and raise issues not presented at trial or in pretrial proceedings, and so the
 
 Strickland
 
 standard must be applied with scrupulous care, lest intrusive post-trial inquiry threaten the integrity of the very adversary process the right to counsel is meant to serve. Even under
 
 de novo
 
 review, the standard for judging counsel's representation is a most deferential one.... It is all too tempting to second-guess counsel's assistance after conviction or adverse sentence.
 

 Booth v. State
 
 ,
 
 2017 ND 97
 
 , ¶ 7,
 
 893 N.W.2d 186
 
 (citing
 
 Strickland v. Washington
 
 ,
 
 466 U.S. 668
 
 , 688-694,
 
 104 S.Ct. 2052
 
 ,
 
 80 L.Ed.2d 674
 
 (1984) ). "The defendant must first overcome the 'strong presumption' that trial counsel's representation fell within the wide range of reasonable professional assistance, and courts must consciously attempt to limit the distorting effect of hindsight."
 
 Laib v. State
 
 ,
 
 2005 ND 187
 
 , ¶ 9,
 
 705 N.W.2d 845
 
 .
 

 [¶ 29] The
 
 Strickland
 
 test applies to guilty pleas based on ineffective assistance of counsel.
 
 Lindsey
 
 ,
 
 2014 ND 174
 
 , ¶ 19,
 
 852 N.W.2d 383
 
 (relying on
 
 *18
 

 Hill v. Lockhart
 
 ,
 
 474 U.S. 52
 
 , 58,
 
 106 S.Ct. 366
 
 ,
 
 88 L.Ed.2d 203
 
 (1985) ). A defendant must show both deficient representation by counsel and prejudice caused by the representation.
 
 Lindsey
 
 , at ¶ 19 (citations omitted). The first prong is satisfied if the applicant proves counsel's conduct, using prevailing professional norms, consisted of errors serious enough to result in denial of counsel guaranteed by the Sixth Amendment.
 

 Id.
 

 (relying on
 
 Strickland,
 

 466 U.S. at 687
 
 ,
 
 104 S.Ct. 2052
 
 (other citations omitted)). In the context of a guilty plea, the second prong of the test is satisfied if the defendant shows a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.
 
 Lindsey
 
 , at ¶ 19 (relying on
 
 Ernst v. State
 
 ,
 
 2004 ND 152
 
 , ¶ 10,
 
 683 N.W.2d 891
 
 (other citations omitted) ).
 

 [¶ 30] In
 
 Bahtiraj v. State
 
 ,
 
 2013 ND 240
 
 , ¶ 16,
 
 840 N.W.2d 605
 
 , we stated:
 

 "A defendant must thus satisfy the judgment of the reviewing court, informed by the entire record, that the probability of a different result is 'sufficient to undermine confidence in the outcome' of the proceeding."
 
 United States v. Dominguez Benitez
 
 ,
 
 542 U.S. 74
 
 , 83,
 
 124 S.Ct. 2333
 
 ,
 
 159 L.Ed.2d 157
 
 (2004) (quoting
 
 Strickland
 
 ,
 
 466 U.S. at 694
 
 ,
 
 104 S.Ct. 2052
 
 ). This standard "requires a 'substantial,' not just 'conceivable,' likelihood of a different result."
 
 Cullen v. Pinholster
 
 ,
 
 563 U.S. 170
 
 ,
 
 131 S.Ct. 1388
 
 , 1403,
 
 179 L.Ed.2d 557
 
 (2011) (quoting
 
 Harrington v. Richter
 
 ,
 
 562 U.S. 86
 
 ,
 
 131 S.Ct. 770
 
 , 791,
 
 178 L.Ed.2d 624
 
 (2011) ). The petitioner "must convince the court that a decision to reject the plea bargain would have been rational under the circumstances."
 
 Padilla [v. Kentucky]
 
 , 559 U.S. [356,] 372 [
 
 130 S.Ct. 1473
 
 ,
 
 176 L.Ed.2d 284
 
 (2010) ].
 

 [¶ 31] "When a defendant applies for post-conviction relief seeking to withdraw a guilty plea, we generally treat the application as one made under N.D.R.Crim.P. [11](d)."
 
 Greywind v. State,
 

 2004 ND 213
 
 , ¶ 7,
 
 689 N.W.2d 390
 
 (internal citations omitted). Withdrawal is allowed when necessary to correct a manifest injustice.
 

 Id.
 

 [¶ 32] "Waivers of constitutional rights, such as guilty pleas, must be done freely and voluntarily.
 
 State v. Storbakken
 
 ,
 
 246 N.W.2d 78
 
 , 82 (N.D. 1976). 'Before accepting a plea of guilty, the court must ... determine that the plea is voluntary and did not result from force, threats, or promises other than promises in a plea agreement.' N.D.R.Crim.P. 11(b)(2)."
 
 Moore v. State
 
 ,
 
 2013 ND 214
 
 , ¶ 11,
 
 839 N.W.2d 834
 
 .
 

 [¶ 33] Davies claimed his trial counsel was ineffective because his attorney (1) failed to investigate or hire an expert to determine whether law enforcement actions were outrageous police conduct, (2) failed to hire an expert to determine his competence to waive his rights and agree to a plea bargain, (3) failed to provide newly discovered evidence, (4) failed to provide sufficient information to make a knowing and intelligent decision whether to proceed to trial or plead guilty, (5) failed to object to his confession at trial, (6) failed to object to the sufficiency of the charging document, (7) failed to discuss the possibility of lifetime probation, and (8) failed to argue mitigating factors at the sentencing hearing.
 

 [¶ 34] In regard to his first five claims, Davies' application provided only conclusory allegations. Davies failed to provide any competent admissible evidence to raise a genuine issue of material fact on these claims. His claims regarding the charging document also fail as a matter of law. Only if Davies raised a genuine issue of material fact as to whether his plea was knowing
 
 *19
 
 and voluntary, can any of his pre-plea claims of ineffective assistance survive.
 

 [¶ 35] Davies argued his trial counsel failed to supply him with sufficient information to participate intelligently in his defense and failed to consider his limited understanding of the law and the consequences of pleading guilty. Davies also argued that his trial counsel did not inform him of the possibility of lifetime supervised probation, and had he known it was a possibility, he would not have pleaded guilty. The State argued that based on the transcripts, the agreement was only a cap on the term of imprisonment.
 

 [¶ 36] This Court has expressed concern when a district court relies only on the record when considering whether a defendant had established a claim of ineffective assistance of counsel when allegations are made about incidents outside of the record.
 
 See
 

 Henke v. State
 
 ,
 
 2009 ND 117
 
 , ¶ 16,
 
 767 N.W.2d 881
 
 . On claims of ineffective assistance of counsel, the record and transcripts are generally not adequate.
 

 Id.
 

 (citing
 
 Myers v. State
 
 ,
 
 2009 ND 13
 
 , ¶ 12,
 
 760 N.W.2d 362
 
 ). This Court has stated, "[a] petitioner may allege ineffective assistance of counsel based on matters occurring outside the court record or transcript, and when appropriate, a district court should consider evidence of ineffective assistance of counsel beyond the record."
 
 Henke
 
 , at ¶ 16 (quoting
 
 Ude
 
 ,
 
 2009 ND 71
 
 , ¶ 15,
 
 764 N.W.2d 419
 
 ).
 

 [¶ 37] Davies is entitled to all reasonable inferences drawn in the preliminary stages of a post-conviction relief proceeding. The record reflects Davies' verified application includes a statement by Davies that he did not agree to lifetime probation in conversations with his attorney as a condition of his plea.
 

 [¶ 38] At the hearing on summary disposition, Davies argued there was never any discussion between his attorney and himself regarding probation. The district court responded:
 

 And once again, that may be entirely factual, but the issue-in order to survive the summary judgment, I need an affidavit with that, and I don't have that in the record. At least not one from somebody who had knowledge about those conversations.
 

 Davies' verified application provided the district court with competent admissible evidence that he did not agree with his attorney to the possibility of lifetime probation. The State's references to the transcript do not rebut this evidence, as probation was not mentioned at the change of plea hearing. The court erred by granting summary disposition on this issue because Davies has raised a genuine issue of material fact. Although Davies has provided enough evidence entitling him to a hearing, he still carries a heavy burden to prove ineffective assistance of counsel. On remand, the district court should consider what factors, if any, supported a rational reason for Davies not to plead guilty and proceed to trial.
 
 See
 

 Bahtiraj
 
 , at ¶¶ 16-18.
 

 [¶ 39] Davies also argues his trial counsel failed to argue mitigating factors that could have changed the result of the sentencing. Davies' application included evidence from the sentencing hearing and references to the transcript. The district court dismissed this claim without specifically addressing whether Davies raised a genuine issue of material fact. On remand, if necessary, the court should address whether Davies' counsel was ineffective at the sentencing hearing.
 

 V
 

 [¶ 40] We have considered Davies' other issues and determined they are without merit or unnecessary to our decision. The order granting summary disposition is affirmed
 
 *20
 
 in part, reversed in part, and remanded for further proceedings consistent with this opinion.
 

 [¶ 41] Lisa Fair McEvers
 

 Daniel J. Crothers
 

 Jerod E. Tufte
 

 Jon J. Jensen
 

 Gerald W. VandeWalle, C.J.