2015 ND 156

**Shane Philip PETERKA, Petitioner and Appellant**

v.

**STATE of North Dakota, Respondent and Appellee.**

No. 20140425.

Supreme Court of North Dakota.

June 11, 2015.

Mark Taylor Blumer, Fargo, ND, for petitioner and appellant.

Barbara L. Whelan, State's Attorney, Walsh County Courthouse, Grafton, ND, for respondent and appellee.

CROTHERS, Justice.

[¶ 1] Shane Philip Peterka appeals from a district court order granting summary judgment and denying in part Peterka's application for postconviction relief. Peterka argues the district court erred in summarily denying the application for postconviction relief, in determining that N.D.C.C. § 12.1–27.2–04.1 unambiguously authorizes multiple prosecutions and punishments based on the number of prohibited child pornographic images possessed rather than on the number of computers he possessed containing those images and in denying Peterka's claims of ineffective assistance of counsel, double jeopardy and denial of relief under N.D.R.Crim.P. 35. We affirm the district court's denial of postconviction relief, finding N.D.C.C. § 12.1–27.2–04.1 unambiguously authorizes multiple prosecutions and punishments. We affirm the district court's denial of postconviction relief based on Peterka's claims of ineffective assistance of counsel and double jeopardy. We reverse the district court's denial of postconviction relief on Peterka's N.D.R.Crim.P. 35 claim.

I

[¶ 2] Peterka was charged with 119 counts of unlawful possession of images of sexual conduct by a minor, class C felonies. Peterka retained counsel. After a presentence investigation, the parties presented a plea agreement to the district court, which was rejected. Peterka later entered an open plea of guilty and was sentenced in January 2013. In May 2013, Peterka attempted to file a motion for reduction of sentence under N.D.R.Crim.P. 35(b), and the State responded. The clerk of court rejected the motion for failure to also file proof of service.

[¶ 3] In November 2013, Peterka filed an application for postconviction relief alleging his due process rights were violated

when the prosecutor obtained a wrongful conviction by charging him with 119 counts when he only possessed or had two devices containing the prohibited materials. Peterka also alleged ineffective assistance of counsel because his attorney failed to properly investigate whether he committed 119 separate acts, because the attorney failed to investigate whether it was prosecutorial misconduct to charge him with 119 separate offenses and because his attorney failed to file and serve motions for change of venue and change of judge. After appointment of counsel for his postconviction relief claim, Peterka filed an amended application alleging that his probation exceeds the time allowed by statute, that he should not be required to register as a sex offender for the duration of his life and that his request for reduction in sentence should have been accepted by the sentencing court for review. The amended application also alleged Peterka's attorney failed to object to the sentence, inform the court of the lack of authority to issue such a sentence, advise Peterka in writing of his rights to appeal the sentence and challenge the sentencing portions regarding excessive probation and the requirement to register as a sex offender.

[¶ 4] The State moved to dismiss the amended application. The district court filed notice that the State's motion would be considered a motion for summary judgment under N.D.R.Civ.P. 56. The State filed an affidavit. Peterka filed an affidavit of Shane Peterka, an affidavit of Diane Peterka and a supplemental brief summarizing his arguments and stating the proceedings contain purely legal questions or questions based on undisputed facts. An evidentiary hearing was not held.

[¶ 5] The district court granted summary judgment in part to the State and in part to Peterka, finding N.D.C.C. § 12.1-27.2–04.1 unambiguously authorizes multi-

ple prosecutions and punishments based on the number of prohibited images possessed rather than on the number of computers possessed containing those images, and multiple prosecutions do not constitute double jeopardy. The district court also found the sentencing court improperly imposed consecutive probationary terms in counts 4 through 119 under N.D.R.Crim.P. 35(a)(1) and resentenced Peterka to five years probation. The court further found it was appropriate to modify the judgments and sentences under N.D.R.Crim.P. 35(a)(1), directing that Peterka be required to register as a sexual offender for not less than 15 years and up to the duration of his life. Lastly, the court found Peterka was not denied effective assistance of counsel regarding the Rule 35 motion and for issues relating to change of venue and change of judge. Peterka appeals.

## II

[¶ 6] "Post-conviction relief proceedings are civil in nature and are governed by the North Dakota Rules of Civil Procedure." *Burke v. State*, 2012 ND 169, ¶ 10, 820 N.W.2d 349.

> "We review an appeal from a summary denial of post-conviction relief like we review an appeal from a summary judgment. The party opposing the motion for summary disposition is entitled to all reasonable inferences at the preliminary stages of a post-conviction proceeding, and is entitled to an evidentiary hearing if a reasonable inference raises a genuine issue of material fact. Once the moving party has initially shown there is no genuine issue of material fact, the burden shifts to the opposing party to present competent admissible evidence by affidavit or other comparable means which raises an issue of material fact."

*DeCoteau v. State*, 1998 ND 199, ¶ 4, 586 N.W.2d 156 (citations omitted). "The

court may grant a motion ... [if] there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law." N.D.C.C. § 29–32.1–09(3). "A genuine issue of material fact exists if reasonable minds could draw different inferences and reach different conclusions from the undisputed facts." *Coppage v. State*, 2011 ND 227, ¶ 14, 807 N.W.2d 585 (citation and quotation marks omitted). "[I]neffective assistance of counsel is a mixed question of law and fact [that] is fully reviewable on appeal." *Clark v. State*, 2008 ND 234, ¶ 11, 758 N.W.2d 900 (quoting *Sambursky v. State*, 2008 ND 133, ¶ 7, 751 N.W.2d 247). "Statutory interpretation is a question of law, fully reviewable on appeal." *State v. Stavig*, 2006 ND 63, ¶ 12, 711 N.W.2d 183.

[¶ 7] The State's summary dismissal motion puts the applicant to his proof and the burden shifts to the applicant to support his claims with competent and admissible evidence raising a genuine issue of fact. *Coppage*, 2011 ND 227, ¶ 9, 807 N.W.2d 585.

> "Generally, summary disposition is not appropriate when there are claims of ineffective assistance of counsel. In most cases claims of ineffective assistance of counsel are based on matters occurring outside the court record or transcript, and therefore the record and transcripts are not adequate to decide the claims and an evidentiary hearing may be required to consider other evidence beyond the record."

*Id.* at ¶ 14 (internal citation omitted).

### III

[¶ 8] Peterka argues he was improperly charged for and convicted of 119 counts of possession of certain materials in violation of N.D.C.C. § 12.1–27.2–04.1 and, therefore, should be granted postconviction relief because the prosecutor violated his due process rights by using improper methods to produce a wrongful conviction. Peterka argues his prosecution and conviction for 119 counts of the same statutory violation constitutes multiple prosecutions and convictions in violation of the Fifth Amendment's double jeopardy clause. The district court summarily rejected Peterka's argument, finding the statute was not ambiguous and permits charging each visual representation as a separate count.

[¶ 9] The constitutional guarantee against double jeopardy provides protection against multiple punishments for the same offense. *State v. Moos*, 2008 ND 228, ¶ 13, 758 N.W.2d 674. "When the same conduct violates more than one statutory provision, the first step in the double jeopardy analysis is to determine whether the legislature intended that each violation be a separate offense." *Id.* We analyze whether the statute constitutes a different offense when analyzed under the same-elements test formulated in *Blockburger v. United States*, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932). "The *Blockburger* rule is premised upon the presumption that the legislature ordinarily does not intend to punish the same offense under two different statutes, and [a]ccordingly, where two statutory provisions proscribe the same offense, they are construed not to authorize cumulative punishments in the absence of a clear indication of contrary legislative intent." *Moos*, at ¶ 16 (citations and quotation marks omitted). "Under *Blockburger*, the court analyzes each offense to determine whether each offense contains an element not contained in the other; if not, they are the same offence [sic] and double jeopardy bars additional punishment and successive prosecution." *Id.* (citation and quotation marks omitted). *Blockburger* does not apply if the legislative intent is clear from the language of

the statute or legislative history. *Id.* at ¶ 17.

[¶ 10] Under *Blockburger*, we must first determine whether the legislature intended that each violation be a separate offense. *Moos*, 2008 ND 228, ¶ 13, 758 N.W.2d 674. This Court's standard of review for interpreting a statute is well established:

"The interpretation of a statute is a question of law, which is fully reviewable on appeal. The primary objective in interpreting a statute is to determine the legislature's intent, and we look at the language of the statute first to determine intent. Words in a statute are given their plain, ordinary, and commonly understood meaning, unless they are defined by statute or unless a contrary intention plainly appears. N.D.C.C. § 1–02–02. The letter of a statute cannot be disregarded under the pretext of pursuing its spirit when the language of the statute is clear and unambiguous. N.D.C.C. § 1–02–05. A statute is ambiguous if it is susceptible to different, rational meanings. Statutes are construed as a whole and are harmonized to give meaning to related provisions."

*State v. Clark*, 2011 ND 157, ¶ 11, 801 N.W.2d 732 (quoting *State v. Martin*, 2011 ND 6, ¶ 5, 793 N.W.2d 188).

[¶ 11] Section 12.1–27.2–04.1, N.D.C.C., provides, "A person is guilty of a class C felony if, knowing of its character and content, that person knowingly possesses any motion picture, photograph, or other visual representation that includes sexual conduct by a minor." In interpreting this statute, the district court focused on the unambiguous use of the word "any." In *State v. Zueger*, this Court explained:

"Words in a statute are to be understood in their ordinary sense. N.D.C.C. § 1–02–02. The word 'any' is a general word and may have a diversity of meanings,

its meaning in any particular case depending largely on the context and subject matter of the statute or instrument in which it is used. However, the word 'any' in statutes is generally used in the sense of 'all' or 'every' and its meaning is comprehensive in scope and inclusive in range."

459 N.W.2d 235, 237 (N.D.1990) (citations omitted). Generally, when the term "any" is followed by words in the singular, the clear indication is that the legislature intended prosecution be authorized for each differing conduct. *See e.g., Williams v. Commonwealth*, 178 S.W.3d 491, 495 (Ky. 2005) ("The singular form of 'photograph' read in conjunction with the term 'any' clearly indicates that the Legislature intended prosecution for each differing photograph."); *State v. Cobb*, 143 N.H. 638, 732 A.2d 425, 433–34 (1999) (relying on the use of the word "any" finds the statutory language shows the legislature intended each photo be a separate offense); *State v. Fussell*, 974 So.2d 1223, 1235 (La.2008) (finding producing or reproducing "any sexual performance involving a child" constitutes a separate offense for "any single sexual performance"); *State v. Morrison*, 31 P.3d 547, 555–56 (Utah 2001) (finding possession of "any visual representation" of child pornography to be a separate offense); *State v. Gillespie*, 155 Idaho 714, 316 P.3d 126, 133 (Ct.App.2013) (explaining "our Supreme Court has not viewed the word 'any' as a collective term limiting prosecution to a single possession charge but has, quite to the contrary, determined that multiple charges are appropriate under a statute that prohibits the possession of 'any' of the singular items described"); *State v. Mather*, 264 Neb. 182, 646 N.W.2d 605, 610–11 (2002) ("The singular form of 'photographic representation' covered under the statute read in conjunction with the term 'any' indicates that the Legisla-

ture intended prosecution for each differing photographic representation."); *Commonwealth v. Davidson*, 595 Pa. 1, 938 A.2d 198, 218–19 (2007) (finding the use of the word "any" in conjunction with a singular object means each possession constitutes a distinct occurrence and a separate offense).

[¶ 12] The statute itself uses singular language, indicating separate offenses for each individual violation. The statute refers to a "motion picture," not pictures, "photograph," not photographs, or "other visual representation," not representations. The statute criminalizes these depictions that include "sexual conduct by a minor," not minors. The singular form of visual depictions utilized in conjunction with the term "any" clearly indicates that the legislature intended prosecution for each differing visual representation.

[¶ 13] Peterka argues prosecution is authorized for each device that contains the visual representation, not each individual visual representation itself. Peterka's interpretation of the statute and double jeopardy argument relies upon the Eighth Circuit's interpretation of a similar federal statute in *United States v. Hinkeldey*, 626 F.3d 1010 (8th Cir.2010). The federal statute provides for punishment for a person who "knowingly possesses ... any book, magazine, periodical, film, videotape, computer disk, or any other material *that contains* an image of child pornography...." 18 U.S.C. § 2252A(a)(5)(B) (emphasis added). The Eighth Circuit concluded the federal statute permitted separate counts for each type of media or storage device possessed. *Hinkeldey*, at 1013. Peterka argues charging him with 119 counts under the same statute violates the Fifth Amendment double jeopardy clause because he only should be charged under the statute for the two devices in his pos-

session. However, the North Dakota and federal statutes prohibit different conduct. Section 12.1–27.2–04.1, N.D.C.C., makes possession an offense if the person "knowingly possesses any ... visual representation that includes sexual conduct by a minor." The North Dakota statute is different than the federal statute in *Hinkeldey* because the federal statute prohibits the possession of a medium containing child pornography where the North Dakota statute criminalizes the possession of any picture, photograph or other visual representation.

[¶ 14] Hinkeldey argued his six possession counts listed in the indictment were multiplicitious because they charged the same crime, resulting in more than one sentence for the same offense. *Hinkeldey*, 626 F.3d at 1012. The Eighth Circuit explained, "Where, as here, an indictment includes more than one count charging the same statutory violation, the question is whether Congress intended the facts underlying each count to constitute a separate unit of prosecution. A unit of prosecution is 'the aspect of criminal activity that Congress intended to punish.'" *Id.* at 1013 (quoting *United States v. Chipps*, 410 F.3d 438, 448 (8th Cir.2005)) (internal citation omitted); *see also Moos*, 2008 ND 228, ¶ 13, 758 N.W.2d 674 ("When the same conduct violates more than one statutory provision, the first step in the double jeopardy analysis is to determine whether the legislature intended that each violation be a separate offense."). After analyzing 18 U.S.C. § 2252A(a)(5)(B), the Eighth Circuit concluded, "Hinkeldey's double jeopardy challenge to the separate possession counts must fail, because it is not 'clear' or 'obvious' under current law that Congress intended that conduct like Hinkeldey's make up a single unit of prosecution." *Hinkeldey*, at 1013. As discussed above, Peterka's double jeopardy challenge fails for the same reason. The North Dakota

Legislature intended possession of each visual representation to make up a single unit of prosecution, permitting prosecution for each visual representation possessed by Peterka.

[¶ 15] Our reading of the statute is in accord·with other jurisdictions with similar statutory language. A majority of jurisdictions presented with this issue found the clear meaning of the statutory language that is identical or similar to North Dakota's language authorizes multiple prosecutions and convictions where multiple pornographic images of children are located on a single computer. *See State v. Rhoades,* 690 N.W.2d 135, 140 (Minn.Ct. App.2004) (authorizing multiple convictions for multiple images); *State v. McKinney,* 699 N.W.2d 460, 468 (S.D.2005) (concluding "each act of downloading an image of child pornography is a separate offense"); *Commonwealth v. Davidson,* 595 Pa. 1, 938 A.2d 198, 221 (2007) (concluding each photograph or computer depiction was a distinct occurrence of offensive conduct and finding "[a]ppellant is not entitled to a volume discount"); *State v. Multaler,* 252 Wis.2d 54, 643 N.W.2d 437, 449 (2002) (explaining each image constituted a separate offense and that "[e]very time [the defendant] downloaded a new file, he recommitted himself to additional criminal conduct" and "[e]ach decision to download more child pornography represented a new volitional departure"); *State v. Gillespie,* 155 Idaho 714, 316 P.3d 126, 131–34 (Ct. App.2013) (noting that the statutory language including the definition referred to imaging media in the singular and referred to the victim as "a child" in the singular, multiple ·prosecutions and punishments was authorized by the statute); *State v. Morrison,* 31 P.3d 547, 555–56 (Utah 2001) (concluding the statute which created a criminal offense for "knowingly ... possess[ing] ... material ... depicting a nude or partially nude minor for the purpose of

causing sexual arousal of any person or any person's engagement in sexual conduct with the minor" to mean that each individual "representation" of child pornography that is knowingly possessed by an offender constitutes the basis for a. separate offense under the statute); *State v. McPherson,* 228 Ariz. 557, 269 P.3d 1181, 1184 (Ct.App. 2012) (concluding "separate convictions and punishments for different images on the same DVD are constitutionally permissible because the legislature intended the unit ·of prosecution to be each individual 'depiction'"); *Fink v. State,* 817 A.2d 781, 788 (Del.2003) (concluding each individual depiction of child pornography constituted a separate offense); *Vineyard v. State,* 958 S.W.2d 834, 840 (Tex.Crim.App.1998) (possession of each item of child pornography is an allowable unit of prosecution for purposes of double jeopardy analysis); *State v. Mather,* 264 Neb. 182, 646 N.W.2d 605, 610–11 (2002) (concluding no violation of double jeopardy existed because each photograph possessed represented a separate offense). Several jurisdictions hold otherwise. *See, e.g., State v. Liberty,* 370 S.W.3d 537, 553–55 (Mo.2012) (reversing the remaining seven counts under one statute and explaining the legislature did not unambiguously express an intent to permit multiple prosecutions for possession of multiple 'images and the rule of lenity must apply); *People v. Sedelsky,* 375 Ill.Dec. 353, 997 N.E.2d 664, 670 (Ill.App.Ct.2013) (concluding "on the limited facts present in this case, only one conviction of possessing child pornography can be entered for defendant's possession of the same digital image stored in the same digital medium").

[¶ 16] The plain language of N.D.C.C. § 12.1–27.2–04.1 authorizes multiple prosecutions and punishments based on the number of prohibited images possessed rather than on the number of computers possessed containing those images. The

North Dakota statute does not impose multiple prosecutions for the same conduct. Rather, the statute permits prosecution of "any" knowing possession of prohibited images. The district court did not err in summarily denying Peterka's application for postconviction relief because the prosecutor did not violate Peterka's due process rights by using improper methods to produce a wrongful conviction, nor was the double jeopardy clause violated.

## IV

[¶ 17] Peterka argues the district court erred in not granting postconviction relief for the sentencing court's failure to consider his motion for N.D.R.Crim.P. 35(b) relief. Peterka and the State presented a plea agreement, which the district court rejected. Peterka later accepted an open plea and was sentenced to nearly double that which was presented in the original plea agreement. Peterka argues that on April 29, 2013, he filed a motion for reduction of sentence under N.D.R.Crim.P. 35(b) and that the State responded. The record contains only the State's response resisting the reduction of sentence because the clerk of court rejected Peterka's motion for failure to also file proof of service. Peterka argues his Rule 35 motion should have been presented to the court for review and determination.

[¶ 18] "Our appellate review of a criminal sentence is very limited." *State v. Ennis,* 464 N.W.2d 378, 382 (N.D. 1990) (footnote omitted). Peterka's Rule 35 motion is a request for reduction of sentence under N.D.R.Crim.P. 35(b). The initial motion is titled Rule 35(a) motion. Peterka appeals the motion as a denial of his Rule 35(b) reduction of sentence. "We have said that reduction of a sentence under Rule 35(b) is not a right but an application for leniency, and is a matter left to the sound discretion of the trial court." *State v. Gunwall,* 522 N.W.2d 183, 184 (N.D.1994). "On appeal of a claim that a sentence is excessive or incorrect, this court has no power to review the discretion of a sentencing court in fixing a term of imprisonment within the range authorized by statute." *Ennis,* at 382. "[A]n order denying a motion for reduction of sentence under N.D.R.Crim.P. 35(b) does not affect a substantial right and is not appealable." *Rahn v. State,* 2007 ND 121, ¶ 8, 736 N.W.2d 488. In contrast, "an order denying a motion for correction of an illegal sentence under N.D.R.Crim.P. 35(a) involves a substantial right and is appealable." *Rahn,* at ¶ 9. "Appellate review of a criminal sentence is confined to determining whether the judge acted within the limits prescribed by statute, or substantially relied on an impermissible factor." *Ennis,* at 382.

[¶ 19] Generally, the sentencing court's ruling on a Rule 35(b) motion is not reviewable. However, the court here did not decide Peterka's motion. The district court found Peterka's Rule 35(b) motion for reduction of sentence was filed too late to be considered by the court. Peterka's motion was signed by him 110 days after his criminal judgment was entered. The district court explained:

> "Even if the Clerk had accepted the motion, under Rule 3.2, N.D.R.Ct., the State would have had 14 days plus an additional mailing time to respond to that motion. Further, under Rule 47, N.D.R.Cr.P.(c), parties serving a written motion must do so within 21 days prior to any hearing. Under either rule and absent a request to reduce the response time, the petitioner's motion was too late to allow a fair and timely response by the State before this Court lost jurisdiction to even consider Rule 35(b) relief."

[¶ 20] Rule 35(b), N.D.R.Crim.P. provides:

"(1) Time for Reduction. The sentencing court may reduce a sentence:

(A) within 120 days after the court imposes sentence or revokes probation; or

(B) within 120 days after the court receives the mandate issued upon affirmance of the judgment or dismissal of the appeal; or

(C) within 120 days after the Supreme Court of the United States enters any order or judgment denying review of, or having the effect of upholding a judgment of conviction or probation revocation."

The explanatory note to Rule 35(b), N.D.R.Crim.P., states: "[T]he period is not defined as the time in which the motion may be made, but is rather the time in which the court may act. If a court fails to act upon a motion in the allotted time, this precludes relief." "The plain language of NDRCrimP 35(b), emphasized in its explanatory note, means that the failure of a sentencing court to act within 120 days forecloses its power to reduce a criminal sentence." *State v. Hanson*, 452 N.W.2d 329, 330 (N.D.1990).

[¶ 21] The problem with the district court's finding is that the State filed its response to Peterka's Rule 35 motion earlier than required. *See* N.D.R.Ct. 3.2(a)(2) (allowing 14 days for the State to respond). The State's response was filed on May 10, 2013. Under the Rule 35(b), N.D.R.Crim. P., the last day for the district court to grant relief was May 13, 2013. If Peterka's motion should have been filed by the clerk of court, the district court would have had several days after receiving the State's response to decide the matter. Therefore, the record shows the motion was ripe for review by the district court within the time established in Rule 35(b).

[¶ 22] The State's submission of its response before the 120–day deadline provided the district court with time to decide the motion if the motion had been filed by the clerk of court. Under these facts, we must examine whether Peterka's motion submitted in his underlying criminal proceeding should have been filed by the clerk of court and considered by the sentencing court. Relying on N.D.R.Crim.P. 47(c), the district court explained, "[P]arties serving a written motion must do so within 21 days prior to any hearing." Rule 47(c), N.D.R.Crim.P., provides, "A party must serve a written motion—other than one that the court may hear ex parte—and any hearing notice at least 21 days before the hearing date, *unless a rule or court order sets a different period*. For good cause, the court may set a different period upon ex parte application." (Emphasis added.)

[¶ 23] The explanatory note to Rule 35, N.D.R.Crim.P., explains:

"Ordinarily a court is not required to hear testimony or arguments on a motion for reduction of sentence. This is discretionary with the court. If the court does decide to reduce the sentence, the defendant need not be present nor need he be allowed to make a statement in his behalf before the reduced sentence is imposed. A motion for reduction of sentence must comply with Rule 47, but in the case of pro se requests by prisoners, the court will entertain the request although contained in an informal letter from the prisoner to the sentencing judge."

[¶ 24] Rule 35 permits review and determination of a motion for reduction of sentence in the case of a pro se request by a prisoner. A hearing on Peterka's Rule 35 motion was not required and the 21–day restriction under Rule 47 is not applicable. The district court erred by not granting

postconviction relief for the sentencing court's failure to file Peterka's Rule 35 motion. The district court also erred in concluding the sentencing court could not timely consider Peterka's Rule 35 motion. We reverse the district court and remand for entry of an order requiring the sentencing court to proceed under N.D.R.Crim.P. 35.

## V

[¶ 25] Peterka makes several claims of ineffective assistance of counsel. A person charged with a crime is entitled to effective assistance of counsel at critical stages of criminal proceedings under the Sixth Amendment of the United States Constitution. *See Adams v. Illinois*, 405 U.S. 278, 279, 92 S.Ct. 916, 31 L.Ed.2d 202 (1972). An applicant for postconviction relief claiming ineffective assistance of counsel:

> "must establish both prongs of the *Strickland* test and demonstrate (1) counsel's representation fell below an objective standard of reasonableness, and (2) he was prejudiced by counsel's deficient performance. Whether a defendant received ineffective assistance of counsel is a mixed question of law and fact which is fully reviewable on appeal."

*Osier v. State*, 2014 ND 41, ¶ 10, 843 N.W.2d 277 (internal citations omitted). To meet the first prong, "the petitioner must prove that the attorney's performance fell below an objective standard of reasonableness" measured by "the prevailing professional norms." *Sambursky v. State*, 2006 ND 223, ¶ 13, 723 N.W.2d 524. The petitioner must "overcome the strong presumption that counsel's representation fell within the wide range of reasonable professional assistance." *Id.*

> "To meet the 'prejudice' prong of the *Strickland* test the defendant carries the heavy burden of establishing a reason-

able probability that, but for counsel's errors, the result of the proceeding would have been different. The defendant must prove not only that counsel's assistance was ineffective, but must specify how and where trial counsel was incompetent and the probable different result. Unless counsel's errors are so blatantly and obviously prejudicial that they would in all cases, regardless of the other evidence presented, create a reasonable probability of a different result, the prejudicial effect of counsel's errors must be assessed within the context of the remaining evidence properly presented and the overall conduct of the trial."

*Laib v. State*, 2005 ND 187, ¶ 10, 705 N.W.2d 845 (internal citations omitted).

### A

[¶ 26] Peterka argues he received ineffective assistance of counsel because his attorney did not challenge the charging documents alleging 119 offenses in violation of the double jeopardy clause for images or videos found on the same device. Peterka argues his options at the time of the pleas and subsequent grounds for appeal would have been different if his attorney made the argument. The district court found since the statute unambiguously allows multiple prosecutions and punishments based on the number of prohibited images possessed rather than on the number of computers containing the images, Peterka's convictions do not constitute a violation of the double jeopardy clauses of the United States or North Dakota Constitution. The district court found Peterka's claim that his attorney failed to hire an investigator to determine if there was a factual basis for 119 counts or a legal basis for the prosecutor to proceed with the 119 counts against him was not warranted.

[¶ 27] We explained above the district court correctly applied N.D.C.C. § 12.1–27.2–04.1. Peterka therefore cannot prevail on the prejudice prong of the *Strickland* test. *See Strickland v. Washington*, 466 U.S. 668, 684, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) (requiring the moving party to show he was prejudiced by the attorney's deficient performance). "If it is easier to dispose of an ineffective assistance of counsel claim on the ground of lack of sufficient prejudice, that course should be followed." *Roth v. State*, 2007 ND 112, ¶ 9, 735 N.W.2d 882. The district court did not err in summarily denying Peterka's application for postconviction relief based upon ineffective assistance of counsel regarding the statutory challenge.

B

[¶ 28] Peterka argues his attorney provided ineffective assistance of counsel by failing to assist in the preparation, filing or service of a Rule 35 motion and by failing to provide Peterka with information on how to proceed with such a motion. After notice that the district court was considering summary judgment, Peterka's mother submitted an affidavit which explained, "After Shane was sentenced, he asked me about filing a request for reduction of sentence. I called [Peterka's trial court counsel] the next day and asked him if he was going to file the request for Shane and he told me it was not difficult and that Shane could just do it himself. That was the last contact I had with Shane's attorney." The district court found Peterka produced no evidence of an ongoing attorney-client relationship between himself and counsel. Peterka failed to meet his burden "to present competent admissible evidence by affidavit or other comparable means which raises an issue of material fact." *DeCoteau*, 1998 ND 199, ¶ 4, 586 N.W.2d 156. Moreover, the district court corrected Peterka's sentence under N.D.R.Crim.P. 35(a)(1), negating the

*Strickland* prejudice prong. The district court did not err in granting summary dismissal of Peterka's application for postconviction relief based upon ineffective assistance of counsel in filing or serving a Rule 35 motion.

C

[¶ 29] Peterka argues he was provided ineffective assistance of counsel because his attorney failed to demand a change of venue or change of judge. He argues that an evidentiary hearing would have provided sufficient evidence to show the outcome would have been different and that he was prejudiced by the lack of request. The district court found:

"Peterka has offered no evidence that any decision to not seek a change of venue was so blatantly and obviously prejudicial that it would create a reasonable probability of a different result. To the contrary, Peterka ultimately decided to enter pleas of guilty. Whether he did that in Walsh County or some other county would not have altered the events that transpired. The State pointed out the absence of any evidentiary support for this claim. Once it did so, the burden shifted to Peterka to offer some evidence to support it. *Steinbach v. State*, 2003 ND 46, ¶ 18, 658 N.W.2d 355. He cannot merely reply [sic] on his pleadings or conclusory allegations. *Id.* Therefore, as a matter of law, the State is entitled to summary dismissal of this claim."

[¶ 30] Addressing the issue for a demand for change of judge, the district court found:

"As with the prior issue, Peterka has offered no evidence that would support a conclusion that the failure to file a demand for change of judge was so blatantly and obviously prejudicial that it would have regardless of other evidence presented created a reasonable probabil-

ity of a different result for the defendant. See *Osier v. State*, [2014 ND 41, 843 N.W.2d 277]. Consequently, this issue is subject to the same fate as the previous one. See *Steinbach v. State*, [2003 ND 46, 658 N.W.2d 355]. Having failed to establish an issue of fact regarding this, it is unnecessary for the Court to address whether his trial attorney's representation in this regard fell below an objective standard of reasonableness. Consequently, as a matter of law, Peterka cannot prevail on his claim that he was denied effective assistance of counsel by his trial attorney's failure to make a demand for change of judge. The State is entitled to summary dismissal of this claim."

[¶ 31] "To avoid summary dismissal of an ineffective assistance of counsel claim, the post-conviction applicant must present some evidence that his counsel's performance fell below an objective standard of reasonableness, and he must overcome the presumption that his counsel's performance was within the broad range of reasonableness." *Klose v. State*, 2008 ND 143, ¶ 13, 752 N.W.2d 192. The petitioner "must specify how and where counsel was incompetent and the probable different result." *Id.* (citation and quotation marks omitted). "A petitioner's failure to 'show how, but for the attorneys' errors, the results of the proceedings would have been different' justifies a district court's decision to summarily dismiss the ineffective assistance of counsel claims." *Ude v. State*, 2009 ND 71, ¶ 9, 764 N.W.2d 419 (quoting *Hughes v. State*, 2002 ND 28, ¶ 7, 639 N.W.2d 696). Peterka failed to present competent evidence showing how the results in his underlying case would have been different. The district court did not err in granting summary dismissal of Peterka's application for postconviction relief based upon ineffective assistance of counsel for failure to demand a change of venue or change of judge.

## VI

[¶ 32] The district court did not err by granting summary judgment and denying in part Peterka's application for postconviction relief, finding N.D.C.C. § 12.1–27.2–04.1 authorizes multiple prosecutions and punishments based on the number of prohibited images possessed rather than on the number of computers possessed containing those images. The district court did not err by denying Peterka's claims of ineffective assistance of counsel and double jeopardy. The district court erred in finding the sentencing court did not need to review and make a determination on Peterka's Rule 35 motion.

[¶ 33] We affirm in part and reverse in part the district court order granting summary judgment and denying in part Peterka's application for postconviction relief. We affirm the district court's denial of relief based on improper prosecution, finding N.D.C.C. § 12.1–27.2–04.1 unambiguously authorizes multiple prosecutions and punishments based on the number of prohibited child pornographic images possessed rather than on the number of computers he possessed containing those images. We affirm the district court's denial of postconviction relief based on Peterka's claims of ineffective assistance of counsel and double jeopardy. We reverse the district court's denial of postconviction relief on Peterka's N.D.R.Crim.P. 35 claim.

[¶ 34] GERALD W. VANDE WALLE, C.J., DALE V. SANDSTROM and CAROL RONNING KAPSNER, JJ., concur.

LISA FAIR McEVERS, J., concurs in the result.