# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2022 ND 208

State of North Dakota,                                    Plaintiff and Appellee

    v.

Kengi Sabanaya Moses, Jr.,                           Defendant and Appellant

## No. 20220101

Appeal from the District Court of Cass County, East Central Judicial District, the Honorable Tristan J. Van de Streek, Judge.

AFFIRMED.

Opinion of the Court by Tufte, Justice, in which Chief Justice Jensen and Justices VandeWalle, Crothers, and McEvers joined. Justice McEvers also filed a separate opinion concurring specially.

Nicholas S. Samuelson (argued) and SheraLynn Ternes (on brief), Assistant State's Attorneys, Fargo, North Dakota, for plaintiff and appellee.

Alexis L. Madlom (argued), Moorhead, Minnesota, and Stormy R. Vickers (appeared), Fargo, North Dakota, for defendant and appellant.

**Tufte, Justice.**

[¶1]   Kengi Moses appeals from an amended order deferring imposition of sentence entered upon a conditional plea of guilty to unlawful possession of a firearm. We affirm, concluding that Moses' prior juvenile adjudication qualifies as a predicate conviction under the statute prohibiting possession of a firearm following a criminal conviction and that he received due process under the law.

I

[¶2]   In December 2015, the juvenile court entered an order finding Moses committed the delinquent act of theft of a dirt bike, which "would be a Class C Felony if committed by an adult." In September 2020, Moses possessed a firearm at a Fargo shooting range. The State charged him with unlawfully possessing a firearm within five years after a felony conviction. Moses moved to dismiss, asserting that the 2015 juvenile adjudication was not a "conviction" and thus did not prohibit him from possessing a firearm and that the firearm prohibition statute violated his due process rights. The district court denied the motions to dismiss. Moses conditionally pled guilty, reserving his right to appeal. The court entered an amended order deferring imposition of sentence.

II

A

[¶3]   Moses argues his prior juvenile adjudication does not qualify as a predicate felony conviction under the firearm prohibition statute. Construction of a criminal statute is a question of law, fully reviewable on appeal. *State v. Laib*, 2002 ND 95, ¶ 13, 644 N.W.2d 878. "Our primary objective in interpreting a statute is to determine the intent of the legislation, as expressed in its statutory language." *In re Estate of Hall*, 2019 ND 196, ¶ 8, 931 N.W.2d 482. In ascertaining the intended meaning of legislation, we first look to the statutory language and give the language its plain, ordinary and commonly understood meaning. N.D.C.C. § 1-02-02. "We interpret statutes to give

1

meaning and effect to every word, phrase, and sentence, and do not adopt a construction which would render part of the statute mere surplusage." *Laib*, at ¶ 13.

[¶4] Under the statute at issue here, a person is prohibited from possessing a firearm for five years following conviction of a felony or certain misdemeanors:

> A person who has been convicted anywhere of a felony offense of this or another state or the federal government not provided for in subdivision a or who has been convicted of a class A misdemeanor offense involving violence or intimidation in violation of chapters 12.1-16 through 12.1-25 or an equivalent offense of another state or the federal government *and the offense was committed while using or possessing a firearm*, a dangerous weapon, or, as defined in section 12.1-01-04, a destructive device or an explosive, is prohibited from owning a firearm or having one in possession or under control from the date of conviction and continuing for a period of five years after the date of conviction or the date of release from incarceration, parole, or probation, whichever is latest.

N.D.C.C. § 62.1-02-01(1)(b) (emphasis added). Under a prior version of this statute, we construed a similar "and" clause (italicized above) to limit only the class A misdemeanor provision, not felonies. *State v. Eldred*, 1997 ND 112, ¶ 21, 564 N.W.2d 283.[1] Accordingly, under our prior interpretation, a person need not be convicted of a felony "committed while using or possessing a firearm" to be prohibited from possessing a firearm. Any felony conviction will serve as a predicate. Moses does not argue that the current version of the statute should be interpreted differently from the prior statute or that the reasoning underlying our prior interpretation should be revisited in this case. We therefore take guidance from our past interpretation and conclude a person

---

[1] The statute previously stated, "A person who has been convicted of any felony not provided for in subsection 1 or has been convicted of a class A misdemeanor involving violence or intimidation *and that crime was committed while using or possessing a firearm* or dangerous weapon, as defined in chapters 12.1-16 through 12.1-25, is prohibited from owning a firearm or having one in possession or under control from the date of conviction and continuing for a period of five years after the date of conviction or release from incarceration or probation, whichever is the latter." *Eldred*, 1997 ND 112, ¶ 16 (emphasis added) (quoting N.D.C.C. § 62.1-02-01(2) (1996)).

convicted of any felony is prohibited from possessing a firearm under N.D.C.C. § 62.1-02-01(1)(b).

[¶5]   The statute provides a broad definition of "conviction":

> 2. For the purposes of this section, "conviction" means a determination that the person committed one of the above-mentioned crimes upon a verdict of guilt, a plea of guilty, or a plea of nolo contendere even though:
> . . . .
> f. The person committed an offense equivalent to an offense described in subdivision a or b of subsection 1 when that person was subject to juvenile adjudication or proceedings and a determination of a court under chapter 27-20 or of a court of another state or the federal government was made that the person committed the delinquent act or offense.

N.D.C.C. § 62.1-02-01(2)(f) (2020).[2] Read together with N.D.C.C. § 62.1-02-01(1)(b), these provisions allow a juvenile adjudication of a delinquent act equivalent to a felony to qualify as a predicate felony conviction prohibiting the possession of a firearm for five years.

[¶6]   Moses argues that because N.D.C.C. § 62.1-02-01(2) requires a finding of guilt—a verdict of guilt, plea of guilty, or plea of nolo contendere—a finding of delinquency in a juvenile adjudication does not satisfy the statute. The juvenile court "found by proof beyond a reasonable doubt or admission that the child committed the following delinquent act" of theft, which "would be a Class C Felony if committed by an adult." If we were to construe N.D.C.C. § 62.1-02-01(2) as Moses asserts—a "verdict of guilt" or "plea of guilty" means only a verdict or plea in a criminal case, not a juvenile case—subdivision (f) of N.D.C.C. § 62.1-02-01(2) would be mere surplusage. *See State v. Buchholz*, 2005 ND 30, ¶ 9, 692 N.W.2d 105 (construing what is now subdivision (d), N.D.C.C. § 62.1-02-01(2), to avoid "render[ing] part of the statute mere surplusage"). To avoid rendering N.D.C.C. § 62.1-02-01(2)(f) mere surplusage,

---

[2] N.D.C.C. § 62.1-02-01(2)(f) was amended effective July 1, 2021, after Moses was charged, adjusting the chapter identified in subdivision (f) from ch. 27-20 to ch. 27-20.4.

we conclude that a juvenile court determination that a juvenile has committed a delinquent act equivalent to a felony satisfies N.D.C.C. § 62.1-02-01(2)(f). Accordingly, Moses' juvenile adjudication qualifies as a predicate "conviction" under the firearm prohibition statute.

B

[¶7] Moses asserts N.D.C.C. § 62.1-02-01(2)(f) conflicts with several provisions of the Uniform Juvenile Court Act, ch. 27-20.

[¶8] First, Moses argues N.D.C.C. § 62.1-02-01(2)(f) conflicts with N.D.C.C. § 27-20-33 (repealed eff. July 1, 2021),[3] which provided:

1. An order of disposition or other adjudication in a proceeding under this chapter is not a conviction of crime and does not impose any civil disability ordinarily resulting from a conviction . . . .
2. The disposition of a child and evidence adduced in a hearing in juvenile court may not be used against the child in any proceeding in any court other than a juvenile court, whether before or after reaching majority, except for impeachment or in dispositional proceedings after conviction of a felony for the purposes of a presentence investigation and report.

[¶9] The State contends N.D.C.C. §§ 62.1-02-01(2)(f) and 27-20-33 can be reconciled under N.D.C.C. § 1-02-07, which states:

Whenever a general provision in a statute is in conflict with a special provision in the same or in another statute, the two must be construed, if possible, so that effect may be given to both provisions, but if the conflict between the two provisions is irreconcilable the special provision must prevail and must be construed as an exception to the general provision, unless the general provision is enacted later and it is the manifest legislative intent that such general provision shall prevail.

---

[3] Section 27-20-33, N.D.C.C., was in effect at the time of Moses' 2015 juvenile adjudication and at the time he was charged in this case. The same statute is now codified at N.D.C.C. § 27-20.2-16.

4

*See also State v. Beilke*, 489 N.W.2d 589, 593 (N.D. 1992) ("We construe statutes to harmonize them and avoid conflicts."); *State v. Woytassek*, 491 N.W.2d 709, 712 (N.D. 1992) ("If two or more statutes relating to the same subject matter conflict, we attempt to give meaningful effect to each without rendering one or the other useless.").

[¶10] Although N.D.C.C. §§ 62.1-02-01(2)(f) and 27-20-33 conflict on the surface, they can be harmonized and construed to give effect to both statutes. Specifically, N.D.C.C. § 27-20-33 provides a general rule that a juvenile adjudication "is not a conviction of crime and does not impose any civil disability ordinarily resulting from a conviction." Subdivision (f) of N.D.C.C. § 62.1-02-01(2), however, provides an exception "[f]or the purposes of [the firearm prohibition] section" and broadly defines "conviction" to include a juvenile adjudication of a delinquent act equivalent to a felony. Thus, to harmonize the statutes and avoid conflict, subdivision (f) considers a juvenile adjudication to be a conviction only for the limited purpose of deciding whether a person is prohibited from possessing a firearm. This is consistent with N.D.C.C. § 1-02-07, which requires effect be given to both, but if they are irreconcilable, the special provision, N.D.C.C. § 62.1-02-01(2)(f), must prevail and be construed as an exception to the general provision, N.D.C.C. § 27-20-33.

[¶11] Washington has a similar juvenile statute preventing juvenile adjudications from being deemed a "conviction," which states: "An order of court adjudging a child a juvenile offender or dependent under the provisions of this chapter [Basic Juvenile Court Act] shall in no case be deemed a conviction of crime." Wash. Rev. Code § 13.04.240. In *United States v. Mendez*, 765 F.3d 950 (9th Cir. 2014), the Ninth Circuit analyzed whether a juvenile adjudication could serve as the predicate felony conviction under the federal firearm statute in light of Wash. Rev. Code § 13.04.240. The court noted that the federal firearm statute requires looking to state law to determine what constitutes a "conviction" of a "crime." *Mendez*, at 952. Acknowledging Wash. Rev. Code § 13.04.240, the court nevertheless concluded that under Washington law juvenile adjudications may be used as predicate offenses for certain crimes, including Washington's firearm prohibition statute. *Mendez*, at

5

952-53. Under Washington law, "Notwithstanding . . . any other provisions of law, as used in this chapter, a person has been 'convicted,' *whether in an adult court or adjudicated in a juvenile court*, at such time as a plea of guilty has been accepted, or a verdict of guilty has been filed . . . ." *Mendez*, at 953 (quoting Wash. Rev. Code § 9.41.040(3)). The Ninth Circuit rejected the defendant's argument that "Washington law establishes a general rule barring the treatment of juvenile adjudications as 'convictions' of 'crimes,'" reasoning that "Washington courts have held that juvenile adjudications for a 'serious offense' may serve as the predicate for a § 9.41.040 [firearm] prosecution." *Mendez*, at 953. The Ninth Circuit concluded that under Washington law, the defendant's juvenile adjudication constitutes a "conviction" of a "crime" under the federal firearm statute. *Id.*; *see also Barr v. Snohomish Cty. Sheriff*, 440 P.3d 131, 133 (Wash. 2019) ("The legislature has thus made it clear that in the context of firearm possession, an unsealed juvenile adjudication carries the same consequences as an adult conviction."); *State v. Wright*, 946 P.2d 792, 794-95 (Wash. Ct. App. 1997) (holding Washington's 1994 firearm statute allows juvenile adjudication to be a predicate offense); *State v. McKinley*, 929 P.2d 1145, 1149-50 (Wash. Ct. App. 1997) (same for 1995 version).

[¶12] In North Dakota, N.D.C.C. § 27-20-33, now codified at N.D.C.C. § 27-20.2-16, is the general rule on juvenile adjudications and N.D.C.C. § 62.1-02-01(2)(f) applies only to the firearm prohibition statute. However, given Washington's similar statutory scheme and the Ninth Circuit's and Washington courts' conclusions that juvenile adjudications can serve as the predicate conviction under the federal and Washington firearm statutes, respectively, these cases are persuasive in analyzing the interaction between N.D.C.C. §§ 62.1-02-01(2)(f) and 27-20-33 and ultimately reaching the same result under our statutory scheme.

[¶13] Second, Moses contends the firearm prohibition statute conflicts with N.D.C.C. § 27-20-52(1) (repealed eff. July 1, 2021),[4] which provided:

---

[4] Section 27-20-52, N.D.C.C., was in effect at the time of Moses' 2015 juvenile adjudication and at the time he was charged in this case. This statute is now codified at N.D.C.C. §§ 27-20.2-23, 27-20.4-25.

> Unless a charge of delinquency is transferred for criminal prosecution under section 27-20-34, the interest of national security requires, or the court otherwise orders in the interest of the child, the law enforcement and correctional facility records and files of a child alleged or found to be delinquent, unruly, or deprived are not open to public inspection . . . .

However, the 2015 juvenile adjudication, in and of itself, does not consist of law enforcement records or correctional facility records of a delinquent child, and Moses does not provide the meaning of "files" as it relates to this statute. Further, no "public inspection" of records is alleged to have occurred in this case as those terms are commonly understood in the context of an open records request. Therefore, we conclude N.D.C.C. § 27-20-52(1) is inapplicable and does not conflict with the firearm prohibition statute.

### III

[¶14] Moses argues his due process rights were violated because he was not provided notice of his inability to possess a firearm and the firearm statute is unconstitutionally vague.

[¶15] Moses asserts the due process clause requires that he be notified that he is prohibited from possessing a firearm. "Notice and an opportunity to be heard are fundamental requirements of due process." *State v. Sorenson*, 2009 ND 147, ¶ 38, 770 N.W.2d 701. "Under N.D.R.Crim.P. 11, a trial court must inform a defendant of all 'direct consequences' of a plea, but need not advise the defendant of 'collateral consequences.'" *State v. Abdullahi*, 2000 ND 39, ¶ 9, 607 N.W.2d 561; *see, e.g., Davenport v. State*, 2000 ND 218, ¶ 10, 620 N.W.2d 164 (concluding sex offender registration is a collateral consequence, which the court was not required to inform the defendant of before he pled guilty); *In re L.T.*, 2011 ND 120, ¶¶ 21-22, 798 N.W.2d 657 (concluding notice of sex offender registration not required during adjudication stage of juvenile delinquency proceeding). Direct consequences of pleading guilty are identified under N.D.R.Crim.P. 11(b). *See Abdullahi*, at ¶ 18. A firearm prohibition is a collateral consequence, and there is no constitutional requirement that a defendant or juvenile delinquent be notified of such prohibition or the possibility of a future firearm conviction for violating the prohibition. *See State*

*v. Buchholz*, 2006 ND 227, ¶¶ 15-16, 723 N.W.2d 534 (concluding district court was not required to inform defendant of collateral consequence of firearm prohibition); *see also United States v. Amerson*, 599 F.3d 854, 855-56 (8th Cir. 2010) (concluding federal firearm prohibition was a collateral consequence and state court was not required to advise defendant of prohibition). The plain language of the firearm prohibition statute provides adequate notice that a person may not possess a firearm if a juvenile court found he committed the equivalent of a felony.

[¶16] Moses argues notice of his firearm prohibition was required under N.D.C.C. § 12.1-32-07(3), which states, "The court shall provide as an explicit condition of every probation that the defendant may not possess a firearm, destructive device, or other dangerous weapon while the defendant is on probation." However, Moses was not placed on probation as a result of his juvenile adjudication. Rather, he was committed to the custody of juvenile services. Moses was not prohibited from possessing a firearm as a condition of probation, but he was prohibited from possessing a firearm under the firearm prohibition statute. Thus, N.D.C.C. § 12.1-32-07(3) did not apply in Moses' juvenile adjudication.

[¶17] Moses contends N.D.C.C. § 62.1-02-01(2)(f) is unconstitutionally vague because it does not warn a reasonable person of what conduct is prohibited. "Whether a statute is unconstitutional is a question of law, which is fully reviewable on appeal." *State v. Holbach*, 2009 ND 37, ¶ 23, 763 N.W.2d 761. "A law is not unconstitutionally vague if: (1) the law creates minimum guidelines for the reasonable police officer, judge, or jury charged with enforcing the law, and (2) the law provides a reasonable person with adequate and fair warning of the prohibited conduct." *Interest of D.D.*, 2018 ND 201, ¶ 12, 916 N.W.2d 765. "A law is not unconstitutionally vague if the challenged language, when measured by common understanding and practice, gives adequate warning of the conduct proscribed and marks boundaries sufficiently distinct for fair administration of the law." *Id.* (quotations omitted); *see also Grayned v. City of Rockford*, 408 U.S. 104, 108-09 (1972).

> The fair warning requirement . . . does not demand absolute precision in the drafting of criminal statutes. A statute is not vague which by orderly processes of litigation can be rendered sufficiently definite and certain for purposes of judicial decision. . . . In fact, it is the duty of the courts to adopt a construction which will sustain a statute and avoid constitutional conflict if its recitation permits such a construction.

*State v. White*, 362 S.W.3d 559, 567 (Tenn. 2012). Subdivision (f) of N.D.C.C. § 62.1-02-01(2) provides a reasonable person with adequate and fair warning of the prohibited conduct—possessing a firearm for five years after having been adjudicated delinquent for committing a felony-equivalent offense. We conclude N.D.C.C. § 62.1-02-01(2)(f) is not unconstitutionally vague.

IV

[¶18] Moses argues he was denied equal protection under the law because juveniles in juvenile proceedings are not afforded the same protections as adults in criminal proceedings, such as the right to a jury trial. The United States Supreme Court has held that a jury trial is not constitutionally required in the adjudicative stage of a juvenile delinquency proceeding. *McKeiver v. Pennsylvania*, 403 U.S. 528, 545 (1971); *see also In re R.Y.*, 189 N.W.2d 644, 651 (N.D. 1971) (concluding statute requiring juvenile court to try issues without a jury did not violate North Dakota's prior constitutional provision requiring a jury trial). Under *McKeiver* and *R.Y.*, there is no fundamental right to a jury trial in juvenile court, and Moses has identified no suspect classification or other basis for heightened scrutiny under the Equal Protection Clause of the Fourteenth Amendment. Moses presents no persuasive argument that the Legislative Assembly may not prohibit an individual from possessing firearms for a period of time following a juvenile delinquency adjudication for a felony-equivalent offense. We conclude this argument is without merit. *State v. Ehli*, 2004 ND 125, ¶ 15, 681 N.W.2d 808 ("Without citations to relevant authority or supportive reasoning, an argument is assumed to be without merit.").

[¶19] We affirm the amended order deferring imposition of sentence.

[¶20] Jon J. Jensen, C.J.
Gerald W. VandeWalle
Daniel J. Crothers
Lisa Fair McEvers
Jerod E. Tufte

**McEvers, Justice, concurring specially.**

[¶21] I agree with, and have signed with, the majority. I write separately to suggest the legislative assembly revisit whether delinquent behavior, which would be a class C felony if committed by an adult, should continue to serve as a predicate offense under N.D.C.C. § 62.1-02-01(1)(b). Moses was 14 years old when he committed the underlying delinquent act of theft of a dirt bike in 2015. The first question is whether the legislature wants the poor judgment and impulsive behavior of a juvenile to serve as a predicate offense to felony possession of a firearm when the underlying behavior is non-violent and did not include the use of a weapon.

[¶22] A second consideration is whether a juvenile should receive notice of potential collateral consequences of a juvenile adjudication. The record here does not reflect that Moses was informed he could not lawfully possess a firearm for five years following his juvenile adjudication. It is highly unlikely that a juvenile would be aware of the collateral consequences to this juvenile adjudication. However, in this case, knowing it was a crime to possess a firearm is not relevant because N.D.C.C. § 62.1-02-01 is a strict liability crime. *State v. Eldred*, 1997 ND 112, ¶ 31, 564 N.W.2d 283.

[¶23] At the very least, the legislative assembly should consider whether N.D.C.C. § 27-20.2-16, which provides the general rule that an order of disposition or other adjudication is not a conviction of a crime, should be

amended to reflect that N.D.C.C. § 62.1-02-01(2)(f) provides an exception for the purposes of prohibited possession of firearm. *See* Majority, at ¶ 10.

[¶24] Lisa Fair McEvers