# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2024 ND 184

Jeremy Spencer Woolsey,                                    Petitioner and Appellant

v.

State of North Dakota,                                     Respondent and Appellee

## No. 20240109

Appeal from the District Court of Grand Forks County, Northeast Central Judicial District, the Honorable Donald Hager, Judge.

AFFIRMED.

Opinion of the Court by McEvers, Justice.

Tracy E. Reames, Fargo, ND, for petitioner and appellant; submitted on brief.

Andrew C. Eyre, Assistant State's Attorney, Grand Forks, ND, for respondent and appellee; submitted on brief.

**McEvers, Justice.**

[¶1] Jeremy Woolsey appeals from an order summarily dismissing his application for postconviction relief. We affirm, concluding the Uniform Postconviction Procedure Act, N.D.C.C. ch. 29-32.1, does not apply to juvenile adjudications.

I

[¶2] In January 2024, Woolsey applied for postconviction relief from his 2010 juvenile adjudication, alleging he did not enter a voluntary and intelligent guilty plea in his juvenile case because he was denied the right to counsel, causing him to be unaware of the consequences of the adjudication. He also alleged the existence of newly discovered evidence. The State answered and moved for summary dismissal, arguing postconviction relief is unavailable in juvenile delinquency cases and the application was untimely. Woolsey responded to the motion. The district court granted the State's motion for summary dismissal, concluding postconviction relief is unavailable.

II

[¶3] Woolsey argues the district court erred in concluding that postconviction relief is not available in juvenile adjudications.

[¶4] Under the Uniform Postconviction Procedure Act, N.D.C.C. ch. 29-32.1, "A person who has been *convicted of and sentenced for a crime* may institute a proceeding applying for relief." N.D.C.C. § 29-32.1-01(1) (emphasis added). The purpose of the Act is to "furnish a method to develop a complete record to challenge a criminal conviction." *Davies v. State*, 2018 ND 211, ¶ 9, 917 N.W.2d 8. Under the Juvenile Court Act, N.D.C.C. ch. 27-20.2, "An order of disposition or other adjudication in a proceeding under this chapter is not a conviction of crime and does not impose any civil disability ordinarily resulting from a conviction." N.D.C.C. § 27-20.2-16(1); *see also* N.D.C.C. § 27-20-33(1) (repealed 2021) (same language); *State v. Moses*, 2022 ND 208, ¶ 10, 982 N.W.2d 321 (stating that

"N.D.C.C. § 27-20-33 provides a general rule that a juvenile adjudication is not a conviction of crime" (quotations omitted)). In *Moses*, we recognized the firearm prohibition statute expressly created an exception to the general rule, allowing "a juvenile adjudication to be a conviction only for the limited purpose of deciding whether a person is prohibited from possessing a firearm." 2022 ND 208, ¶ 10.

[¶5] The Uniform Postconviction Procedure Act contains many references to a "conviction," *see* N.D.C.C. §§ 29-32.1-01, -03, -04(2), -11(3), -12(2), but does not make reference to juvenile adjudications. Given the plain language of chapter 29-32.1 that relief is from a criminal conviction (or sentence) and the general rule that a juvenile adjudication is not a conviction of crime, we conclude the Uniform Postconviction Procedure Act, N.D.C.C. ch. 29-32.1, does not apply to juvenile adjudications.

[¶6] Woolsey argues it would be unjust to deny juveniles a procedure for relief where adults in the criminal context have such a procedure. This procedure, however, exists. Under N.D.R.Juv.P. 16, a party may move for relief from a juvenile order, including when "newly discovered evidence so requires." N.D.R.Juv.P. 16(a)(3). Because Woolsey did not move under the juvenile procedure rules, that issue was not before the district court, and is not before this Court.

III

[¶7] We have considered the parties' other arguments and determined they are either without merit or unnecessary to our decision. The order is affirmed.

[¶8]   Jon J. Jensen, C.J.
       Daniel J. Crothers
       Lisa Fair McEvers
       Jerod E. Tufte
       Douglas A. Bahr

2